### Gus Hontros v. City of Chicago.

#### Gen. No. 11,008.

1. FINAL DECREE—*when, proper upon dissolution of temporary injunction.* Where the court upon inspection of the bill dissolves a temporary injunction, it is proper, where it appears that the bill is without equity, to, likewise, dismiss the same for want of equity.

Hontros v. City of Chicago.

2. PUBLIC STREETS—*right of public to exclusive use of.* The public streets of a city are dedicated to the public for public use and a private individual cannot, by the permission of the owner of the abutting property, or by continued occupancy, acquire the right to use any portion of such street to the exclusion of the public.

Proceeding to restrain municipality. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed March 18, 1904.

H. J. GIBBS, for appellant.

CHARLES M. WALKER, Corporation Counsel, and MICHAEL F. SULLIVAN, Assistant Corporation Counsel, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellant filed his bill in the Circuit Court and obtained a temporary injunction restraining defendant from interfering with the business of appellant at 112 State street, in the city of Chicago. On motion of defendant made upon the bill only, the court below dissolved the injunction and dismissed the bill for want of equity and the complainant appealed.

The decree of the Circuit Court was proper if the bill was without equity, and the only question before us, is whether the facts set forth in the bill entitle the complainant to the relief prayed for.

The bill avers that the space occupied by complainant is a triangular space, once a part of the building, 112 State street; that the owner of the building by permission of defendant changed the front of his building and thereby left said space vacant and that complainant occupied the same by permission of the owner of the building. For all that appears from the bill the space so occupied by complainant is a part of a public street, and his only claim of right to occupy the same is based upon the permission of the owner or occupant of the abutting property, and the fact that he had occupied the same for a considerable time and built up there a valuable trade and business.

The public streets of a city are dedicated to the public

for public use, and the complainant could not by permission of the owner of the abutting property, or continued occupancy, acquire the right to occupy any portion of the street to the exclusion of the public.

In our opinion the bill does not state a case for relief in equity and it was therefore properly dismissed.

The decree of the Circuit Court is affirmed.

*Affirmed.*