### George Cordatos et al. v. City of Chicago et al.

#### Gen. No. 12,862.

1. INJUNCTION—*does not lie to prevent threatened trespass.* An injunction does not lie to prevent a mere trespass on private property.

2. INJUNCTION—*when bill properly dismissed upon denial of application for preliminary.* The dismissal of a bill is proper upon denying an application for a preliminary injunction where it appears that the relief so sought by the preliminary injunction was all the relief prayed for in the bill.

3. COMMISSIONER OF PUBLIC WORKS—*when injunction does not lie against.* An injunction will not be awarded to restrain the commissioner of public works from causing the removal of street stands.

4. ORDINANCE—*when will not be regarded.* An ordinance neither pleaded nor proved will not be considered by the courts.

5. ORDINANCE—*what, with respect to streets, invalid.* An ordinance is invalid which grants to abutting owners the use of a portion of a public street.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed November 15, 1906.

**Statement by the Court.** The appellants, three in number, filed their bill December 9, 1905, in the Circuit Court for an injunction against the City of Chicago and its commissioner of public works, superin-

tendent of streets, commissioner of buildings and chief of police. The injunction sought was against the defendants removing, molesting or interfering with the complainants in the conduct of their business or in the use or occupancy of space on certain several sidewalks in the city of Chicago within three feet of the line of the buildings, which space the complainants respectively occupied in the vending of fruits, flowers and confectionery. The bill alleged that as incident to their business, the respective complainants had displayed their goods and wares upon stands and cases in front of the stores upon the premises at their different locations; that the Common Council of Chicago had on March 20, 1905, passed an ordinance against said booths or stands encumbering the streets or sidewalks; that thereupon the defendants threatened, by reason of said ordinance, to evict the complainants from the spaces on the sidewalks where the goods of the complainants were displayed, and that because of such threat the complainants and each of them (to quote the bill) "proceeded to remove said stands and showcases to a space which, as your orators represent, is the private property of the owners of the different buildings situated at said different locations;" that said spaces are under the control of the occupants of said buildings, and directly in front of the buildings situated at the locations aforesaid, and within three feet of the building line; that the defendants now threaten to remove the stands from their present location. The bill further alleges that they have leased the said space from the occupants of said buildings, and that the spaces do not exceed ten feet in length nor three feet in depth, and "that," to quote again, "the portion of said spaces and of each of them unoccupied by your orators are occupied by the lessees and occupants of said buildings situated at the said various locations, and that said occupants are and each of them is undisturbed in the possession thereof."

Cordatos v. City of Chicago.

The bill further alleges the passage of another order of the City Council on November 20, 1905, directing the commissioner of public works to remove from the sidewalk space in the downtown district all merchandising stands, and says that the defendants claim to have authority to remove the property of the complainants from the spaces described and to prevent their use of the same. It then charges the ordinance to be unconstitutional, as not of uniform and general operation within the municipal limits; and further charges that even if the ordinance be valid, the defendants have not the right or authority to dispossess the complainants from the said respective places so occupied by them and each of them, ''because the said space so occupied by each of them is not public property and none of said spaces so occupied by the complainants, or any part thereof, is part of the sidewalk of the city of Chicago, or under the control or supervision of said city of Chicago, but that the said spaces are private property belonging to the owners of the buildings located at said different places and under the control, operation and supervision of the occupants of the buildings at the different locations to be used by them as their exclusive property, except that portion of the said spaces which the complainants occupy by permission of said occupants.''

The further allegations of the bill are of irremediable damage which will follow the destruction of their business by the threatened interference therewith and of the identity of interest of the complainants in the issues involved in the bill, and of the tendency to prevent multiplicity of suits, which taking cognizance of the complaints of the bill will have.

The bill was sworn to, and an application made to the court thereon for a preliminary and temporary injunction. The chancellor denied the motion and dismissed the bill, from which order the complainants appealed to this court, assigning as error the dis-

missal of the bill for want of equity, and the refusal to grant the injunction.

LOUIS BRANDES, for appellants.

MICHAEL F. SULLIVAN, for appellees; JAMES HAMILTON LEWIS, Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The injunction in this case was properly denied. The language of this court in a similar case is very applicable here: "The statement in the bill that these places" (i. e., where the stands are situated) "were private property is a mere conclusion. No facts are alleged which show clearly this conclusion to be a correct one. On the contrary, we think the clear inference, when all allegations of the bill and amendment thereto are considered, is that the respective places of business of appellants are upon the sidewalks and in the streets in front of the several buildings, from the occupants of which they claim to have leases; also that their several flower and fruit stands constitute a substantial obstruction to public travel over and upon the streets and sidewalks. But if the bill can be construed to clearly allege that appellants occupied private property and no part of the public streets or sidewalks, then the bill will not lie, for the reason that equity will not interfere to restrain the commission of a mere trespass upon private property, such as it is alleged the appellees have threatened to commit to appellants." Pagames v. City of Chicago, 111 Ill. App. 593.

It is needless to discuss the question of how far and in what cases the remedy of injunction may be used in cases of threatened trespass, for in this case we are clearly of the opinion that the fair implications of and inferences from the bill are all that the threatened action is to clear certain sidewalks in Chicago streets from private occupation which obstructs travel.

It certainly would not be proper to enjoin the city and its officers from doing this under an ordinance, when the law has been declared to be that the city authorities have not the right or power to allow such occupation, even if they desire to do so. People v. Harris, 203 Ill. 272; Smith v. McDowell, 148 Ill. 51; Pennsylvania Co. v. City of Chicago, 181 Ill. 289; Hontros v. City of Chicago, 113 Ill. App. 318.

Counsel for appellants in his brief quotes an alleged section "of the city of Chicago," presumably a typographical error for "of the code of ordinances of the city of Chicago," which he says permits the use of three feet of the sidewalk next to the boundary line of an abutting owner's lot for said owner's private purposes. The alleged ordinance is denied to be now in existence by the counsel for the city, and it is neither pleaded nor proved, and we could in no event take notice of it. But if it existed as quoted, it would not bear out the appellants' construction. It simply forbids something. It does not purport to grant any rights. If it existed and did bear the construction counsel claims for it, it would be valid.

The validity of the ordinances appellants attack is not involved in this cause even. The threatened action is one which the city and its officers are authorized, if not compelled, to take under their general police power. But we see no reason to doubt their validity.

The application for a preliminary injunction having been denied on the face of the bill, and the bill being solely for a permanent injunction of the same scope, it was the proper practice to dismiss the bill. The denial of the application was tantamount to sustaining a demurrer to the bill. Field v. Village of Western Springs, 181 Ill. 190; Live Stock Commission Co. v. Live Stock Exchange, 143 Ill. 240; Gardt v. Brown, 113 Ill. 475.

The decree of the Circuit Court is affirmed.

*Affirmed.*