## Weitlauf and Wife v. Paducah & Illinois Railroad Company.

### (Decided September 14, 1920.)

### Appeal from McCracken Circuit Court.

1. Railroads—Change of Location—Obstruction of Streets.—One who acquires real property in a city at a time when a preliminary survey of a railroad company is located a block or more away, may recover damages of the railroad company if it changes its location so as to obstruct the street in front of property acquired and cut off the means of egress and ingress, or the railroad company in the operation of its trains casts cinders and smoke upon the premises and otherwise interferes with the enjoyment of the premises.

2. Railroads—Obstruction of Streets.—Where the facts are controverted it is for the jury to determine whether the plaintiff has made out his cause by showing that the streets have been obstructed, or that the railroad in its operation has cast cinders and smoke upon the house.

WHEELER & HUGHES for appellant.

D. G. PARK for appellee.

Opinion of the Court by Judge Sampson—Affirming.

Some years ago the Paducah & Illinois Railroad Company projected its line of road through Paducah and its suburb, Colonial Heights, in McCracken county, Kentucky. At the time of the preliminary survey of the railroad Colonial Heights was only slightly improved but it was laid off into streets and lots. The stakes for the railroad were driven along or near Thirty-fifth street. The appellants, Weitlauf and wife, purchased from the land company fifteen building lots in what was then regarded as a new residential district in Colonial Heights. At the time of the purchase of the lots the stakes for the railroad were along Thirty-fifth street. Weitlauf erected a home upon three or four of the lots on Central avenue, and moved into it with his family. These lots were facing on Thirty-third street and Central avenue, some distance from the proposed line of railroad as indicated by the stakes. Some months after the completion of the Weitlauf residence on Central avenue, the railroad company changed its location from Thirty-fifth to Thirty-third street and constructed its line of road along Thirty-third street adjacent to the home and premises of appellants. In doing this work the railroad raised the grade of the street from two to six feet in front of the property of the Weitlaufs. In operating its road along the street the Weitlaufs charge that the railroad company cast cinders and smoke on to their premises and into their house and the constant moving of trains up and down the track adjacent to their property jarred and otherwise annoyed them and their family. Conceiving, that they had been damaged by the construction and operation of the railroad which obstructed certain streets being used for purposes of ingress and egress by the Weitlaufs, and by the casting of cinders and smoke upon their premises and by the jar and noise of the trains the Weitlaufs instituted this action against the Paducah & Illinois Railroad Company to recover for the diminution or depreciation of the market value of the real estate in its entirety which resulted proximately from the construction and operation of the railroad.

Issue was joined and a trial had before a jury which returned a verdict for the defendant railroad company. Judgment being entered in accordance with the verdict the Weitlaufs appeal, urging several grounds for a re-

versal of the judgment but relying chiefly upon the failure of the trial court to properly instruct the jury.

It is practically conceded that the preliminary line for the railroad through Colonial Heights was located at a different place to that where it was finally constructed along in front of appellants' premises and that appellants purchased their property while the stakes for the railroad were in or near Thirty-fifth street; the railroad grade is much above the street grade on Thirty-third street and thus in some measure obstructs that street as well as others it crosses which lead to and from the Weitlaufs' premises, but upon this latter question there is a contrariety of evidence. Several witnesses testified upon the question, and the jury was permitted to visit and examine the premises, including the railroad grade and alleged obstruction. With these facts all before the jury it was within its province to determine the rights of appellant under proper instructions from the court. The court instructed the jury in substance that certain of the lots of appellants which were mentioned in the evidence abutted upon Thirty-third street, and that certain other numbered 'lots of appellants abutted on Central avenue. The court then told the jury that if it believed from the evidence that the railroad when it constructed its road through said subdivision and over and across either of said streets, if it did so construct its said road, so obstructed or destroyed either of said streets as to unreasonably interfere with the Weitlaufs' right to the use of either of said streets in going to or from their said lots or any of them; or if the jury believe from the evidence that by reason of the defendant operating its engines and trains over said road and track adjacent to plaintiffs' property or on or over either, or across either of said streets, smoke, dust or cinders were thrown upon plaintiffs' said house and property by the force of steam escaping from its locomotives operated on its said track; or that by the operation of trains thereon, plaintiffs' house has been jarred or shaken, and by reason of either or all of these things, plaintiffs' property has been diminished in value, the law is for the plaintiffs. The second instruction was a measure of damages. Appellants complain that the first instruction given by the court was restrictive and did not allow the jury to find for the plaintiffs all the damages to which they conceive

themselves entitled and to which they were in fact entitled if the jury accepted their evidence, in this, that the court neglected to say in the second part of the first instruction that appellants were entitled to recover for smoke and cinders thrown upon other parts of the property than plaintiffs' house. A like objection is made to the third part of the first instruction wherein the court confined the jury to the jarring of the plaintiffs' house, whereas, appellants insist that they were entitled to damages for the jarring of their other property as well.

Appellants through their counsel offered instructions "A and B," which are considered well drafted and to fairly present the law of the case, but these two instructions were rejected by the court because they covered in substance the same phases of the case presented by the instructions given by the court. Had the court adopted the offered instructions in lieu of the ones given, the jury would have had a more concise, complete and clear statement of the law of the case, but we do not think that appellants' rights were prejudiced thereby, for the jury rejected their claim *in toto.* If the jury had found for the plaintiffs only such damages as resulted to their house and had ignored their claim for damages to the balance of their premises, there would be some ground for the objection now made by appellants; but under the present status of the case we do not agree with counsel for appellants that their rights have been prejudiced by the instructions given by the court.

This court in the cases of Cosby, &c. v. Owensboro & Russellville R. R. Co., 10 Bush 288; Elizabethtown, Lexington & Big Sandy Railroad Company v. Combs, 10 Bush 382; Newport & Cincinnati Bridge Company v. Foote, &c., 9 Bush 264, recognized the right of an abutting landowner to damages for injury occasioned to his property by the construction and operation of the railroad along the public street or road adjacent thereto, which interfered with his ingress and egress or cast cinders, smoke and dust on to and into his house and premises or jarred or otherwise interfered with the enjoyment of his property. This was before the adoption of our present Constitution, section 242 of which somewhat enlarges the rights of property holders and allows compensation in some cases where before it was not granted. In the case of Jeffersonville, Madisonville

& Indianapolis R. R. Co., &c. v. Esterle, 13 Bush 676, this court laid down the measure of damages in such cases to be the diminution in the value of the houses and lot occasioned by the location of the railroad tracks and the uses to which they were authorized to put them by the grants from the city authoritis. To find the diminution, the value of the property just preceding the time at which it became generally known that the street had been selected as the line of road should be ascertained and the value of the property immediately after the construction of the railroad and the commencement of the operation of the trains. In the Esterle case we said, "The jury should ascertain what the value of the property was just before it became generally known that the appellants' roads were to be located in front of it, and then determine what proportion of that value was taken from the house and lot by the obstruction of the street and the annoyances incident to the movement of the engines and trains of cars along and over appellants' road." This measure of damages seems simple enough and quite easily applied and we believe was fairly presented by the instructions given by the trial court in this case.

There appearing no error to the prejudice of the substantial rights of the appellants the judgment is affirmed.

Judgment affirmed.