## P. Bannon Pipe Company v. Illinois Central Railroad Company.

(Decided June 10, 1924.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Eminent Domain—Abutting Owner Held Not Entitled to Enjoin Railroad Tracks in Street.—Lot owner abutting on street was not entitled to restrain construction of railroad track thereon as constituting a taking of private property for public use where it was planked in between rails so that any vehicle could use street, and so that rights of ingress and egress were not impaired.

2. Eminent Domain—City May Authorize Railroad Along Streets.— A city may authorize a railroad company to construct tracks along its streets, even though proposed tracks will encroach on part of street reserved for sidewalk purposes.

3. Municipal Corporations—Abutting Owners have no Property Right in Sidewalk.—Abutting owners have no peculiar rights in sidewalk area of a street superior to those they have in any other portion of street.

4.  Eminent Domain—Distinction Between Property Taken for Public Uses and Property Injured.—Under Constitution, section 242, compensation for property taken must be paid before taking, while compensation for property injured or destroyed is paid or secured before injury at election of condemnor.

5.  Eminent Domain—Adequate Remedy at Law for Use of Street by Railroad.—Use of street by railroad in maintaining its tracks and operating its trains thereon is only an injury to peculiar right of lot owner on street, and an adequate remedy at law exists.

6.  Eminent Domain—Condemnor May Secure Landowner by Executing Bond.—A railroad, within Constitution, section 242, had right to secure property owner, whose property right in street was about to be injured or destroyed by construction of railroad, by executing proper bond to pay damages for which it might be liable.

MATT O'DOHERTY for appellant.

TRABUE, DOOLAN, HELM & HELM, R. V. FLETCHER, and RICHARD H. HILL for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER—Affirming.

In 1917, the general council of the city of Louisville, by ordinance, granted to appellee, Illinois Central Railroad Company, the right to construct certain railroad tracks on Fourteenth street in the city of Louisville, Kentucky. Shortly thereafter appelle began the construction of the tracks in question. Thereupon appellant, P. Bannon Pipe Company, filed a petition in equity in the first division, chancery branch, of the Jefferson circuit court, by which it sought to enjoin appellee from constructing the railroad tracks in question where, according to the plans for same, they would be laid on Fourteenth street north of Garland avenue in front of a lot owned by appellant. It appears that appellant owns a lot lying between Garland avenue and Breckinridge street fronting on Fourteenth street 425 feet, which is 210 feet in depth. The railroad tracks, the construction of which it sought to enjoin, as planned, would strike Fourteenth street in front of appellant's lot at Garland avenue and extend north on Fourteenth street a distance of approximately 200 feet. The tracks proposed to be built were spur tracks leading from a main line of railroad which seems to extend the full length of Fourteenth street through the city of Louisville. The proposed tracks necessarily and as planned would leave the main line at an angle and

from the main line they were planned to run south on Fourteenth street. At the intersection of Fourteenth street with Garland avenue, the outer rail of the proposed tracks would cut four feet in on the twelve-foot section of that street reserved for sidewalk purposes in front of appellant's lot. Appellant based its right to have appellee enjoined from constructing the tracks in question upon the alleged fact that it owned the lot of land fronting on Fourteenth street between Garland avenue and Breckinridge streets, and that the construction of the tracks would destroy its ingress to and egress from its lot and its easement in Fourteenth street, which would constitute the taking of its private property for public use without its consent and without just compensation having first been paid. Appellee denied that the construction of the tracks would destroy appellant's ingress to or egress from its lot or its easement in Fourteenth street or would constitute a taking of its private property for public use. It sought to justify the construction of the tracks in question by the consent given it so to do by the general council of the city of Louisville, under the ordinance above, and pleaded that if appellant should be injured in anywise it had an adequate remedy at law.

A motion for a temporary injunction made by appellant when the action was instituted was overruled by the chancellor and the construction of the tracks in question was completed by appellee. The case was prepared and the proof taken, however, and upon the trial on the merits the chancellor refused the injunctive relief sought by appellant and dismissed its petition. This appeal has been prosecuted from that judgment.

None of the pleadings for appellant alleged that the tracks in question would encroach upon the lot owned by appellant and the proof shows, without contradiction, that they were not constructed upon any portion of appellant's lot. They were laid within the limits of Fourteenth street. The proof further showed beyond question that the tracks were constructed in such a way that they of themselves did not in anywise interfere with appellant or anyone else using Fourteenth street for any of the purposes for which it was dedicated when opened as a public street. The ties were sunken in the bed of the street and, from the intersection of Garland avenue with Fourteenth street to the point where the tracks in question cut into the main line which runs down the center of the street, were planked over both between and outside of the rails in such a way that any character of vehicle

might pass over them without inconvenience or danger. Photographs taken before the tracks were constructed and after they were completed were introduced in evidence and they disclose that in so far as the tracks themselves are concerned, as they were constructed, they offer no impediment or obstruction to the use of Fourteenth street for any purpose. This street appears to be a railroad street. Between Garland avenue and Breckinridge street it is sixty feet wide. There is a twelve-foot section on either side of the street set apart for sidewalk purposes and this is defined by a stone curb placed along either side of the street. The street proper has never been improved and its level is about level with the top of the curb defining the sidewalks. No sidewalks have been constructed along either side of the street between Garland avenue and Breckinridge street. In so far as the testimony in this case shows this street may be used with the same convenience and facility since the railroad tracks in question have been constructed as it could have been used before. The construction of the railroad tracks in question has in nowise impaired appellant's easement in Fourteenth street or its ingress to and egress from its lot. It is possible for appellee to put the railroad tracks constructed by it on Fourteenth street in front of appellant's lot to such use as will impair its easement in Fourteenth street and its ingress to and egress from its lot, but the construction of the railroad tracks themselves had no such effect. Appellant's sole cause of action was directed to enjoin appellee from constructing the railroad tracks in question. Its right to do so was based upon the theory that their construction would be a taking of private property for public use. The tracks were constructed within the streets of the city. The tracks, as constructed, in nowise interferred with appellant's peculiar property rights in Fourteenth street. Hence, we conclude that upon this ground alone the judgment of the chancellor may be affirmed.

However, we will go further with the matter. The right of a city to authorize a railroad company to construct tracks along its streets has long been a settled one in this jurisdiction. With reference to that question, in Fulton, etc. v. Short Route Railway Transfer Company, etc., 85 Ky. 640, we said:

"Indeed, the right under legislative authority to permit the construction and operation of a railroad by steam along or upon a street is not now an

open question in this state, however much conflict of authority may exist elsewhere; and this without regard to whether the fee subject to the public use is in the adjoining owner or not.   Beginning with the case of the L. & O. Railroad Company v. Applegate, &c., 8 Dana 289, followed by the cases of Wolf v. C. & L. R. R. Company, 15 B. M. 409; L. & F. R. R. Company v. Brown, 17 B. M. 772; Newport & Cincinnati Bridge Company v. Foote, 9 Bush 264; Cosby v. O. & R. Railroad Company, 10 Bush 288; E. L. & Big Sandy R. R. Company v. Combs, 10 Bush 382; and the J. M. & I. R. R. Company v. Esterle, 13 Bush 675, this doctrine has been repeatedly announced, and must now be regarded as firmly established in Kentucky, and we think it is supported by reason and public necessity, while at the same time individual right is preserved."

Further, in the same opinion, pointing out the distinction between the mere existence of the tracks in the street and the use to which they may be put, we said:

"It follows that the construction of a railroad along a street is not, *per se,* an encroachment upon the individual right of the abutting lot-owner, and whether he can complain depends not upon the fact of its existence, but the manner of its construction and operation.   If he is thereby deprived of its reasonable use, he may appeal to the courts for relief; but if he is merely inconvenienced thereby, or suffers some remote consequential injury, it is *damnum absque injuria.*"

And:

"Whether any special and substantial injury will result to the adjoining owners in this instance is, however, as yet a mere matter of speculation; and if any, its character or extent cannot now be ascertained.   If such should accrue, its extent can be much better estimated after the road is in operation; and, at most, it would be a matter of mere damages, for which the law affords an adequate remedy."

Nor is it true, as appellant contends, that as the proposed railroad tracks will encroach upon the portion of Fourteenth street reserved for sidewalk purposes, the status of the matter is changed.   We find that in Fulton, &c. v. Short Route Railway Transfer Company, &c., *supra,* a portion of the structure fell within the sidewalk

area of the street. Injunction was denied in that case.
The sidewalk area is but a portion of the street itself.
Abutting lot-owners have no peculiar property rights in
the sidewalk area of a street superior to those they have
in any other portion of the street.

It appears from the proof in the instant case that
only four of the twelve-foot section reserved for side-
walk purposes is taken by the proposed tracks for a dis-
tance of only forty feet and this on a street where no
sidewalks have been constructed and where in all likeli-
hood no sidewalks will ever be constructed. Ample room
is left for sidewalk purposes.

With reference to the case here presented, appellant
has made little, if any, showing that Fourteenth street is
used by it as a means of ingress to and egress from its
lot. From the photographs filed as evidence with the
record taken at the time the application was made for
the temporary injunction and immediately preceding the
submission of the case on its merits, and from the testi-
mony in the case, it would seem that about the only use
appellant has made of Fourteenth street is that it has
used the twelve foot sidewalk reservation as a storage
yard for sewer pipe. The photographs show the sewer
pipe ricked on the sidewalk portion of appellant's side of
the street from Garland avenue to Breckinridge street
like cordwood in a country wood lot.

There is a clear distinction under section 242 of the
Constitution with reference to compensation to be paid
for property taken for public uses and property which
a public use injures or destroys. For private property
taken for public uses the Constitution provides that the
compensation "shall be *paid* before such taking," while
with reference to property injured or destroyed it pro-
vides that the compensation "shall be *paid* or *secured*
at the election of such corporation or individual before
such injury or destruction." Pointing out the distinc-
tion, in C. St. L. & N. O. R. R. Co. v. Sullivan, 24 Ky. L.
R. 860, we said:

> "Section 242 does provide that in case of injury
> or destruction of property unaccompanied by the
> actual taking, that the compensation may either be
> paid or secured at the election of the corporation or
> individual before such injury or destruction. But
> there is a manifest distinction between taking of
> property and its incidental injury or destruction.
> In the latter case it is often impossible to determine

in advance the extent of such injury; and in this state of case the law very properly provides that such damages may be secured until they are definitely ascertained. We are fortified in our view of this matter by the very elaborate discussion of section 242 in the constitutional convention, where its purpose and effect were discussed in detail by many of the most distinguished members of the convention, and an avowal was made by the chairman of the committee who reported the section, that the purpose was to make a distinction between the taking and injury of property, and that there was no purpose to change the law as declared in the cases cited *supra.*'' See also Bushart v. County of Fulton, 183 Ky. 471; Williams v. Wedding, 165 Ky. 375.

Bearing in mind the distinction above pointed out, the learned chancellor, when the motion for temporary injunction was heard and overruled in this case below, required, however, that appellee execute a bond by which it bound itself to pay to appellant any damages that might result to appellant's easement in Fourteenth street and ingress to and egress from its lot if injury to or destruction of same should result from the construction of the proposed railroad tracks and the use of them by appellee. We doubt if this precaution was necessary because, as we have pointed out above, the only relief sought by appellant in its petition was the injunction to prevent the construction of the railroad tracks in question; and, as pointed out in the authorities above cited, there is a clear distinction between existence of the tracks themselves in the streets and the use to which they may be put. However, if appellant had sought to enjoin appellee from constructing the tracks and operating its trains over them or using them for railroad purposes, the course pursued by the chancellor below would have been correct and could be upheld. All the authorities to which we have been referred or have been able to find upon the question take the view that the use of a street by a railroad in maintaining its tracks and operating its trains thereon is but an injury to the peculiar property rights of lot-owners in the street and that an adequate remedy at law exists. Weitlauf, etc., v. P. & I. R. R. Co., 190 Ky. 143, 226 S. W. 388; Matney v. C. & O. Ry. Co., 170 Ky. 112, 185 S. W. 519; Hyland v. Short Route Ry. Transfer Co., 10 Ky. L. R. 900; J. M. & I. R. R. Co. v.

Esterle, 13 Bush 667. The question having been raised before the incidental injury to or destruction of appellant's peculiar property rights in Fourteenth street occurred, under section 242 of the Constitution, appellee had the right to *secure* appellant in the payment of the damages that might result and proceed with the construction of the tracks. The bond executed had that effect. No question is raised as to the sufficiency or regularity of the bond.

Owensboro & Nashville R. R. Co. v. Sutton, 12 Ky. L. R. 246, cited, quoted from at length and relied upon by appellant is not in conflict with the authorities above cited or the conclusions hereinbefore reached. In that case the railroad company was held to be using its track on a public street in the city of Owensboro for unlawful purposes. It used them for making up trains, for loading and unloading freight and as a depot for idle cars and so as to exclude all other persons desiring to use the street in question from its use for any purpose. The court properly enjoined the railroad company from making such use of the public streets. The lawsuit before us now, however, was brought by appellant to enjoin appellee from constructing certain railroad tracks and that question alone is before the court. If appellee's construction and use of the tracks in question by operating its trains over same results in injury to or destruction of appellant's peculiar rights in Fourteenth street, its remedy is an action at law for damages, and the bond of appellee executed herein secures it in its recovery of same.

We are of the opinion that the chancellor below properly adjudged that the appellant was not entitled to the injunction sought. Having arrived at this conclusion, it is unnecessary to pass upon or discuss appellee's motion to dismiss the appeal herein under its answer pleading facts in bar of the appeal.

Judgment affirmed.