Allen, J.
 

 In this case the plaintiff in error has filed a petition in error as a matter of right attacking a judgment of the Court of Appeals of Hamilton county, entered in an appeal prosecuted from a judgment of the court of common pleas of that county. In each of the lower courts the plaintiff in error’s petition for injunction and equitable relief was dismissed. The petition prayed for an injunction against the city of Cincinnati and several executive officers of the city named in the petition to restrain them from enforcing the provisions of an ordinance of the city, namely, Sections 383b, 383c, and 383d of the Cincinnati code of ordinances, which, in substance, provide that all gasoline pumps, gasoline filling stations, or other' automotive services, maintained and operated in or upon any sidewalk or sidewalk space of the public streets of the city of Cincinnati, are declared to be obstructions to public travel and public nuisances, direct the abatement of the same by the officials of the city, and make it a misdemeanor to fail to remove, or to maintain, or to operate, any gasoline pump, gasoline filling station, or other automotive service in any sidewalk or sidewalk space of the public streets of Cincinnati.
 

 The plaintiff in error is an owner of two gasoline pumps heretofore erected upon one of the public sidewalks of Cincinnati. He claims that the judgment of the Court of Appeals dismissing his petition for injunction to restrain the enforcement of the ordinance in question involves questions aris
 
 *384
 
 ing under the Constitution of the United States and of the state of Ohio, contending that the ordinance is void as being in contravention of Section 1, Article XIV, of the amendments to the Constitution of the United States, and Section 19, Article I, of the Constitution of the State of Ohio.
 

 Section 1, Article XIV, of the amendments to the Constitution of the United States, provides as follows:
 

 “* * * No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.”
 

 Section 19, Article I, of the Constitution of Ohio, provides as follows:
 

 “Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war, or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to, the owner, in money, and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money, and such compensation shall be assessed by a jury, without deduction for benefit to any property of the owner. ’ ’
 

 The statute covering the duty of the city with respect to streets' is set out in Section 3714 of the
 
 *385
 
 General Code of Ohio, .the pertinent part of which is as follows:
 

 “The council shall have the care, supervision and control of * * * sidewalks, * * * and shall cause them to he kept open, in repair, and free from nuisance.”
 

 ■ The control of the streets by the city and the municipality is further emphasized by a provision in Section 12639, General Code, which reads as follows:
 

 “Whoever sets up a table, stand, tent, wagon or other article, to use or let for profit, on a public footwalk or sidewalk constructed according to law by * * * the council of a municipal corporation, * * # or obstructs it, * * * shall be fined not less than five dollars nor more than twenty-five dollars, or imprisoned not more than ten days, or both.”
 

 Section 372 of the original codification of ordinances of the city of Cincinnati, at page 144, provides for the issuance of permits for the temporary use of sidewalk spaces, and Section 383 in the same chapter of the code of ordinances specifically provides that no right to occupy any part of the streets, alleys, or public places of the city, as provided for in this chapter, shall become permanent.
 

 Plaintiff in error claims that his property rights are destroyed, if the ordinance in question is enforced, and it is upon this specific ground that he applies for an injunction against its enforcement, as being in violation of the federal and state Constitutions.
 

 The defendant in error has filed a motion to dismiss the petition in error upon the ground that
 
 *386
 
 no constitutional question is involved in the case, and this is the single issue involved in the present decision.
 

 It is conceded for the purposes of the motion that the plaintiff in error, or his predecessor, some 17 years ago, erected two pumps in a certain sidewalk upon a public street of the city of Cincinnati under a valid permit issued theretofore by the city, which permit has now been duly revoked. The plaintiff in error, however, states that he asserts no right in the street by virtue of this permit. He claims such right only as a lessee from an abutting owner, contending that, as a property right, incident to the lessor’s ownership of the abutting real estate, he (plaintiff in error) has the right to use the sidewalk space before his premises for his own purposes in any manner which does not conflict with the paramount right of the public to use this space for travel. He urges that the erection and operation of such pumps on the sidewalks does not create a nuisance
 
 per se,
 
 but may or may not create such nuisance, dependent
 
 on
 
 whether such pumps do in fact constitute an obstruction to traffic or to the right of the public on the streets, and contends that the city has no power to enact an ordinance declaring every such pump, filling station, and automotive service a nuisance and ordering its abatement.
 

 Plaintiff in error cites certain Ohio cases as authority for his proposition that .the abutting owner has a property right in the street incident to his ownership of the abutting real estate, which entitles him to use the sidewalk spaces of his premises for his own business purposes.
 
 Chagrin Falls & Clev. Plank Road Co.
 
 v.
 
 Cane,
 
 2 Ohio St., 419;
 
 *387
 

 Crawford
 
 v.
 
 Village of Delaware,
 
 7 Ohio St., 459;
 
 Clark
 
 v.
 
 Fry,
 
 8 Ohio St., 358, 72 Am. Dec., 590;
 
 Phifer
 
 v.
 
 Cox,
 
 21 Ohio St., 248, 8 Am. Rep., 58;
 
 Callen
 
 v.
 
 Columbus Edison Electric Light Co.,
 
 66 Ohio St., 166, 64 N. E., 141, 58 L. R. A., 782. These cases all deal with certain questions relating to. public highways. The
 
 Cane case
 
 and the
 
 Crawford case
 
 have nothing whatever to do with the issues involved herein.
 
 Clark
 
 v.
 
 Fry
 
 deals with the question of purely incidental and temporary obstructions occasioned upon the highways by the building and repair of houses fronting upon the streets. In the
 
 Phifer
 
 v.
 
 Cox case,
 
 the court points out that the question as to the right of a private person to destroy a hedge standing within the bounds of a highway “must not be confounded with the right of the public in such cases acting through its officers or by appropriate judicial proceedings.” In the
 
 Cállen case
 
 it is stated in the syllabus that the placing by a private lighting company of poles at the curb and street, and the stringing of electric light wires thereon, is “a diversion of the street from the purposes to which it was dedicated.”
 

 These cases lay down the doctrine that there is a certain limited, qualified property in the public street which inheres in the ownership of abutting real property. "We do not discuss these decisions further because of the fact that not one of them relates to the power of the municipality to prohibit the permanent use by a private individual of a public street or sidewalk for his own private business. The specific point here involved, namely, that the use of the street for such purposes is merely a permissive use under a temporary license,
 
 *388
 
 which creates no vested right to use the street for an exclusively private business, and may at any time be withdrawn by the city, is completely disposed of in the case of
 
 Elster
 
 v.
 
 Springfield,
 
 49 Ohio St., 82, 30 N. E., 274, which is quoted with approval by this court in the case of
 
 Kellogg
 
 v.
 
 Traction Co.,
 
 80 Ohio St., at pages 346 and 347, 88 N. E., 882, 23 L. R. A., (N. S.), 158, 17 Ann. Cas., 242.
 

 An abutting owner does not have such right of property in the public streets as to give him the right to appropriate a portion of the street permanently to the purposes of his private business. Any privilege which the plaintiff in error heretofore had or enjoyed by virtue of tb© permit from the city has now been revoked. That privilege at most constituted a mere license, a permissive use.
 

 In
 
 Elster
 
 v.
 
 Springfield, supra,
 
 in proposition 2 of the syllabus, it was held:
 

 “The use of the street by the plaintiff, for his water pipes being allowed by license, there was no enjoyment adverse to the city. Nor had the city power by grant, to give plaintiff any right in the street inconsistent with the future legitimate uses of the street by the city. Hence, no right by prescription to maintain the pipes in the street would vest in the plaintiff, although he had enjoyed the use more than twenty-one years, and any damage accruing to plaintiff by removing the pipes, and thus interrupting the flow of water through them, would be
 
 dammcm absque injuria.”
 

 This is the general rule of law followed in the United States upon this point, as is shown in the following adjudications:
 

 Keyser
 
 v.
 
 City of Boise,
 
 30 Idaho, 440, 165 P., 1121, L. R. A., 1917P, 1004:
 

 
 *389
 
 “The holder of a permit to install an obstruction in a public street or thoroughfare for private purposes acquires no property or contractual right by reason of the issuance to him of such permit, and whenever the city authorities deem it necessary as a police regulation to vacate and revoke such permit, the holder thereof has no alternative, but must comply with the order of revocation.”
 

 Wood
 
 v.
 
 City of Chickasha,
 
 125 Okl., 212, 257 P., 286:
 

 “The use of the streets as a place of business, or as the instrumentality of business, is accorded as a mere privilege, and not as a matter of natural right.”
 

 Emerson
 
 v.
 
 Babcock, City Marshal,
 
 66 Iowa, 257, 23 N. W., 656, 55 Am. Rep., 273:
 

 “No private person has a right to erect any structure in the street of an incorporated city or town for the purpose of carrying on his private business, and if, having done so, he is required to remove it, he has no cause for complaint.”
 

 City of New Orleans
 
 v.
 
 Kaufman,
 
 (1916) 138 La., 897, 70 So., 874:
 

 ‘ ‘ City ordinance prohibiting the erection of sheds, signs, etc., in Napoleon avenue held to be valid.
 

 “The public right to the use of the streets goes* to the full width of the street, and extends indefinitely upward and downward.
 

 “Municipal authorities may temporarily tolerate or permit minor obstructions to the full use of streets which they may deem not injurious to the rights of the public, but such toleration may be ended, or permission revoked, at any time by the same or any succeeding council.”
 

 
 *390
 

 Eddy
 
 v.
 
 Granger, City Treas.,
 
 19 R. I., 105, 31 A., 831, 28 L. R. A., 517:
 

 “Permission from a municipality to use a public street for a private drain is at most a revocable license, and cannot create a vested right to maintain the drain.”
 

 Ainley
 
 v.
 
 Hackensack Improvement Comm.,
 
 64 N. J. Law, 504, 45 A., 807:
 

 “A license to lay a .private sewer in a public street is revocable at the option of the municipality.”
 

 As the plaintiff in error claims his right only as a lessee from the abutting owner, he grounds his contention upon the property right incident to his lessor’s ownership of the abutting real estate. However, it is the doctrine generally adhered to by courts of last resort that abutting owners cannot appropriate streets to private uses, and hence persons who derive their rights from abutting owners do not thereby acquire rights paramount to the municipality’s control of the streets. To this effect are the following cases:
 

 Hester
 
 v.
 
 Durham Traction Co.,
 
 138 N. C., 288, 50 S. E., 711, 1 L. R. A., (N. S.), 981:
 

 “The rights, powers and liability of a municipality extend equally to the sidewalk as to the roadway, for both are parts of the street and the abutting proprietor has no more right in the sidewalk than in the roadway.”
 

 P. Bannon Pipe Co.
 
 v.
 
 Illinois Central Rd. Co.,
 
 203 Ky., 659, 262 S. W., 1110:
 

 “Abutting owners have no peculiar rights in side
 
 *391
 
 walk area of a street superior to those they have in any other portion of street.”
 

 Hontros
 
 v.
 
 City of Chicago,
 
 113 Ill. App., 318:
 

 “The public streets of a city are dedicated to the public use and a private individual cannot, by the permission of the owner of the abutting property, or by continued occupancy, acquire the right to use any portion of such street to the exclusion of the public.”
 

 There can be no rightful permanent private use of a public street.
 
 State
 
 v.
 
 Berdetta,
 
 73 Ind., 185, 38 Am. Rep., 117.
 

 An illuminating decision upon this subject is found in
 
 Lacy
 
 v.
 
 City of Oshaloosa,
 
 143 Iowa, 704, 121 N. W., 542, wherein it is held, at page 709 of the opinion (121 N. W., 544):
 

 “A ‘street’ is a public way from side to side and from end to end, and any private use thereof which in any degree detracts from, hinders, or prevents its free use as a public way to its full extent is, within the meaning of the law, an obstruction or incumbrance. * * *
 

 “The limited extent of the obstruction is immaterial as affecting the right of the city to remove it. * * *
 

 “The resolution passed * * * by the city council permitting the erection of hitching posts along the street lines about the public square conferred upon the petitioners therefor a mere license, and * * * the revocation of such license after more than twenty years’ use was not a wrong for which either law or equity affords any remedy.”
 

 Plaintiff in error confuses his property right in
 
 *392
 
 the pumps with a property right in the street. There is nothing in this ordinance to prevent the plaintiff in error from removing, and taking possession of, his pumps, and in fact he is ordered to do so.
 

 Since the plaintiff in error has no right derived from any source to the permanent use of the street for his private purposes, no property right is involved in the controversy, and no constitutional right will he invaded by the removal of the pumps.
 
 Wood
 
 v.
 
 City of Richmond,
 
 (Va., 1927), 138 S. E., 560.
 

 The petition in error will therefore he dismissed.
 

 Petition in error dismissed.
 

 Marshall, C. J., Day, Kinkade, Robinson and Matthias, JJ., concur.
 

 Jones, J., concurs in the judgment.