KNOTTS ET AL., APPELLEES, *v.* CITY OF GALLIPOLIS ET AL., APPELLANTS.

(No. 210—Decided January 8, 1956.)

*Mr. H. W. Cherrington* and *Mr. W. P. Cherrington,* for appellees.

*Mr. Perry J. Bailes,* for appellants.

COLLIER, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Gallia County, overruling the separate demurrers of the defendants to plaintiffs' petition.

The pertinent allegations of the petition, upon which plaintiffs, for themselves and other inhabitants and residents of the city of Gallipolis similarly situated, base their right to the injunctive relief prayed for may be summarized as follows: that plaintiffs are residents of the city of Gallipolis and users and payers of rent for water supplied by the city; that the defendant Bartlett is city manager and the defendant Drummond is city auditor and ex-officio clerk of the commission of Gallipolis:

that on November 18, 1953, the city of Gallipolis enacted ordinance No. 794, fixing rates and charges for the use of a sanitary sewerage system and sewage disposal plant; that the defendant city at the time of enactment of the ordinance did not have and is not now installing and has not at any time installed and does not now maintain and operate a sanitary sewerage system or sewage disposal plant in said city; that the city of Gallipolis has never issued disposal plant revenue bonds in any amount, and no legislation providing for the issuance of such bonds has been adopted; that the rental rates set forth in the ordinance are unauthorized, arbitrary and unlawful for the reason the city has not incurred any obligations to pay the principal and interest on bonds, the purpose for which these rents and charges are to be collected; that no legislation in respect thereto has been instituted or enacted; that the city of Gallipolis has not devised a plan for a sanitary system for sewerage or for the management and control of any sanitary system and sewage disposal plant; and that the city of Gallipolis threatens to cut off the water supply to the inhabitants of the city unless they pay the rates and charges fixed by the ordinance. The prayer of the petition is that the defendants be enjoined from collecting charges from the users and payers of water rent for the use of a nonexistent sanitary sewerage system and sanitary sewage disposal plant, and that the city be enjoined from discontinuing the water supply to the inhabitants of the city for failure to pay such rents and charges.

The questions of law raised by the demurrers as to jurisdiction, misjoinder of parties, defect of the parties plaintiff, legal capacity to sue and laches may be readily disposed of. It is well settled that appropriate legal and equitable remedies may be invoked to determine the validity of a municipal ordinance under the doctrine of separation of powers between the judicial and other branches of government. This doctrine prevails on the local as well as on the state and national levels. Ever since the celebrated case of *Marbury* v. *Madison, Secy. of State,* 5 U. S. (1 Cranch), 137, 2 L. Ed., 60, courts have exercised their inherent authority to determine whether laws are or are not constitutional and have taken jurisdiction to prevent the enforcement of an unconstitutional act by a legislative body.

Also, it is well established that under Section 2307.21, Revised Code, where the question is one of a common or general interest, or the parties are very numerous, and it is impracticable to bring them all before the court, in order to prevent a multiplicity of actions, courts will entertain a class action, such as the instant case.

It is also well settled that where a suit is brought to restrain action by a municipality, officers whose duty it is to perform the acts sought to be enjoined are proper, and, usually, necessary parties. 43 Corpus Juris Secundum, 826, Section 175; *Rowe, Jr.,* v. *City of Cincinnati,* 117 Ohio St., 382, 159 N. E., 365; *Himebaugh* v. *City of Canton,* 145 Ohio St., 237, 61 N. E. (2d), 483.

As to the question of laches, whether the action was brought within the time limited for the commencement of such action, the opposite rule, that is, whether this action has been brought prematurely, is, in our view of the case, more applicable to the situation.

Plaintiffs allege in their petition that the ordinance was enacted November 18, 1953, fixing the rates to be charged, the first collection thereof to be made on May 1, 1954.

Plaintiffs' petition in this case was filed December 4, 1954, more than a year after the enactment of the ordinance and more than six months after the first collection date of the rates and charges. It is alleged further that at the time of the filing of the petition the defendant city had taken no action to provide such sanitary sewerage system and disposal plant, for the payment of the construction of which the rates and charges were being collected; and that except for the enactment of ordinance No. 794 the defendant city had taken no action whatsoever to install the facilities to render the service for which the plaintiffs are being charged. The demurrer confesses the truth of those allegations. 31 Ohio Jurisprudence, 661, Section 103.

In our view of the case, the major and controlling issue raised by the demurrers is whether the defendants are authorized to continue the collection of the rates and charges, fixed by the ordinance, for the service of a sanitary sewerage system and a sewage disposal plant, which the city did not have at the time of the enactment of the ordinance and still does not have,

and which it has taken no steps to install. The only reference in the ordinance to the time within which such service will be rendered by the city is in the second paragraph of the ordinance, wherein it is said:

"The city of Gallipolis, state of Ohio, proposes to issue first mortgage sanitary sewerage system and sewage disposal plant revenue bonds * * * to pay costs of extending its sewerage system and constructing a sewage disposal plant."

It may be argued that the city should be allowed a reasonable time within which to act. However, when more than a year has passed since the ordinance was adopted and more than six months have passed since the first collection date of the rates and charges, and the first step in the proposed improvement has not been taken, are not the residents of the city justified in complaining that they are being charged for a service which the city can not render for the lack of such facilities?

The foundation of the power of a municipality to lay a special assessment or special tax or an extra charge for a local improvement of any character is the benefit which the object of the assessment or extra charge confers. The benefits conferred are compensation for the expense imposed.

Unquestionably, the defendant city has authority, under Sections 6111.01 to 6111.30, inclusive, Revised Code, with or without the vote of the electors of the city, to issue bonds, within or beyond the debt and tax limitations, to pay the expenses of the construction and maintenance of a sanitary sewerage system and sewage disposal plant, in compliance with orders issued by the proper officers designated in those statutes.

Section 6111.28, Revised Code, provides, in part:

"The legislative authority of each municipal corporation * * * shall take all steps necessary to secure the funds for any purpose set forth in Sections 6111.09 to 6111.30, inclusive, of the Revised Code."

That is not the question presented by the demurrers in this case, and we do not question such authority of a municipality when appropriate steps are taken by the legislative and executive officers of the municipality to exercise such authority. What we do hold is that a municipality may not simply adopt an ordinance fixing rates and charges to be paid by the users of

water, under penalty of having their water supply discontinued on nonpayment thereof, and take no further steps in the completion of the proposed improvement for an indefinite time, and still have the authority to compel the payment of such rates and charges for services the plaintiffs may not receive within the foreseeable future.

Our conclusion is that the petition states a good cause of action for injunctive relief because of the unreasonable delay on behalf of the defendants to take appropriate steps towards the completion of the proposed improvement. The ruling of the trial court overruling the separate demurrers of the defendants was correct and must be and is affirmed.

*Judgment affirmed.*

McCurdy, P. J., and Gillen, J., concur.