OPINION
{¶ 1} Jeffrey Livengood ("appellant") appeals the decision of the Mentor Municipal Court. In that decision, the trial court found appellant guilty of driving under the influence of alcohol, a violation of R.C. 4511.19(A)(1), after appellant's motion to suppress was denied. For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} The following testimony occurred at the February 4, 2002 suppression hearing. A citizen-informant testified that on November 2, 2001, she and her husband were turning onto Mentor Avenue in their Ford Focus when they were cut-off by appellant's vehicle. As a result of being cut-off, they were forced to swerve into another lane. As appellant proceeded down Mentor Avenue, the couple observed appellant's vehicle continue to swerve, switch lanes, and cut-off several other vehicles. Based on their observations, the couple decided to call 911 and report that appellant was "swerving, going from lane to lane, driving really fast, and cutting people off."
 {¶ 3} The citizen informant also testified that during the course of their 911 call, she and her husband were able to correctly identify appellant's vehicle as a dark colored Ford Station Wagon with Georgia license plates, as well as correctly identify the vehicle's license plate number. The dispatcher then advised the couple "not to lose the vehicle" they were following. Adhering to the dispatcher's instructions, the couple then followed appellant to a BP gas station located at the corner of Mentor Avenue and Center Street. Officer Knupsky of the Mentor Police Department also testified that he was informed by the dispatcher of what the couple had reported and proceeded to the BP gas station.
 {¶ 4} Officer Knupsky testified at the suppression hearing that when he arrived at the BP station, he immediately observed appellant's vehicle illegally parked "on the hash spot right in front of the door at BP." Officer Knupsky also noted that this is a violation of Mentor City Ordinance 75.07. Officer Knupsky then initiated an investigatory stop.
 {¶ 5} As Officer Knupsky approached appellant, he noticed appellant's eyes were "glassy and bloodshot, ***, I believe he had a cell phone in one hand and he was smoking a cigarette." Officer Knupsky also noted appellant was seated inside the vehicle and "the keys were in the ignition, still." Officer Knupsky then instructed appellant to put down the cell phone and put out his cigarette. Once the air had cleared from appellant's cigarette, Officer Knupsky "started smelling an odor of alcoholic beverage on his (appellant's) breath." When Officer Knupsky asked appellant if he had been drinking, appellant admitted to having "two drinks, or two beers maybe it was."
 {¶ 6} Subsequently, Officer Knupsky "asked appellant for his license." As appellant attempted to produce his license, Officer Knupsky noted that "he had a little difficulty getting the license out of his wallet, he had to fumble with it for a few seconds." After receiving the license, Officer Knupsky then asked appellant "to perform some field sobriety tests." The record indicates Officer Knupsky gave appellant the Finger-to-Nose, One Legged Stand, Walk-and-Turn, and HGN sobriety tests. It is uncontroverted that appellant failed each and every field sobriety test that he was asked to perform. Officer Knupsky then placed appellant under arrest for driving under the influence of alcohol. In addition to being charged with Driving Under the Influence, a violation of R.C. 4511.19(A)(1), appellant subsequently registered a .185 on his Breathalyzer test and also incurred a BAC charge, a violation of R.C 4511.19(A)(3).
 {¶ 7} The trial court denied appellant's motion. Appellant then entered a no contest plea. In a judgment entry journalized on Feb. 28, 2002, appellant was convicted of Driving Under the Influence, a violation of R.C. 4511.19(A)(1). We also note that the BAC violation was dismissed by the trial court in the above-mentioned judgment entry. This timely appeal followed. Appellant asserts one assignment of error for our review:
 {¶ 8} "[1.] The lower court, in denying defendant's motion to suppress evidence, was in error, as no police officer directly observed a traffic offense or sufficiently corroborated the civilian tip."
 {¶ 9} At a hearing on a motion to suppress, a trial court, functioning as the trier of fact, is in the best position to evaluate the evidence, judge the credibility of the witnesses, and resolve the factual issues. State v. Mills (1992), 62 Ohio St.3d 357, 366. When reviewing a trial court's ruling on a motion to suppress, an appellate court is bound to accept the trial court's factual determinations if they are supported by competent and credible evidence. State v. Searls (1997),118 Ohio App.3d 739, 741. Once an appellate court accepts the trial court's factual determinations as true, the appellate court must conduct a de novo review of the trial court's application of the law to those facts. Id.
 {¶ 10} Appellant attempts to argue that Officer Knupsky did not see appellant committing a traffic violation, and as a result, had no reasonable suspicion or probable cause with which to make an investigatory stop. Appellant further argues that Officer Knupsky had a duty to corroborate the informants' tip before he approached and questioned appellant. We disagree.
 {¶ 11} The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop an individual, provided the officer has the requisite reasonable suspicion, based upon specific and articulable facts, that a crime has occurred or is imminent. State v. Gedeon (1992), 81 Ohio App.3d 617, 618, citing Terry v. Ohio (1968), 392 U.S. 1; see, also, Maumee v. Weisner (1999), 87 Ohio St.3d 295,296. In cases such as this, where the "information possessed by the police before the stop stems solely from an informant's tip, the determination of reasonable suspicion will be limited to an examination of the weight and reliability due that tip." Weisner, supra, at 299. "A citizen-informant who is the victim of or witness to a crime is presumed reliable." Mentor v. Schoenfeld (Aug. 20, 1999), 11th Dist. No. 98-L-141, 1999 Ohio App. LEXIS 3884; State v. Claiborne (Jan. 24, 1997), 2nd Dist. No. 15964, 1997 Ohio App. LEXIS 195.
 {¶ 12} Appellant attempts to assert that the citizen-informants were somehow anonymous informants in this case and as a result, Officer Knupsky was required to independently corroborate their tip prior to investigating appellant. We disagree.
 {¶ 13} The citizen-informant testified that she initiated the call to the 911-dispatcher. The informant also testified that she and her husband reported appellant was "swerving, going from lane to lane, driving really fast, and cutting people off." Officer Knupsky then testified that he "received a call from dispatch that a motorist on a cell phone was following a suspected intoxicated driver going north bound on Center Street." In addition, the informants were able to correctly identify appellant's vehicle as a dark colored Ford Station Wagon with Georgia license plates, as well as correctly identify the vehicle's license plate number. The dispatcher then advised the informants "not to lose the vehicle" they were following. Following the dispatcher's instructions, the informants followed appellant to a BP gas station located at the corner of Mentor Avenue and Center Road. As they followed appellant, the citizen-informants told the dispatcher that "this green station wagon had nearly struck several vehicles and was swerving from lane to lane ***." Officer Knupsky also testified the above information was immediately relayed to him by the 911 dispatcher.
 {¶ 14} As the citizen-informants followed appellant to the BP station, they continued to talk to the dispatcher and stated that appellant had pulled into the station. Officer Knupsky then testified that "the dispatcher then told me that the caller had stated that the station wagon had pulled into the BP gas station and I'd say approximately 20 to 30 seconds after that, I pulled in, observed the station wagon parked illegally in a — right in front of the door." The female informant also testified that once the Mentor Police arrived at the BP station, she spoke to them and also gave them a written statement identifying her and her husband as the informants.
 {¶ 15} In this case, the citizen-informants were giving an eyewitness account of the events to the dispatcher, who in turn immediately relayed them to Officer Knupsky. Officer Knupsky was aware that the information was coming from the informants who were calling from their cellular phone while following appellant's vehicle. Based on the above, we conclude that the husband and wife were indeed identified citizen-informants. See Weisner, supra.
 {¶ 16} As to appellant's argument that Officer Knupsky was required to corroborate the informants' tip before approaching appellant, we also disagree. This court has stated that "*** a tip made to the police department, ***, will be sufficient if the stop is challenged and the state is able to show the factual basis for the dispatch and stop." Schoenfeld, supra.
 {¶ 17} As noted in the testimony above, appellant was arrested and charged with driving under the influence and had a blood alcohol content of .185. The informants' testimony was subsequently tested under cross-examination at the suppression hearing and proved to form a sufficient basis for Officer Knupsky's reliance. As a result, we conclude that Officer Knupsky had reasonable suspicion to initiate the investigatory stop. While we conclude that the informants' tip alone was sufficient for Officer Knupsky to initiate the stop, we also note that Officer Knupsky observed appellant's vehicle illegally parked upon his arrival at the BP station. This court has held that any traffic violation, even a minor traffic violation, witnessed by a police officer is, standing alone, sufficient grounds to stop the vehicle observed violating the ordinance. State v. Molk, 11th Dist. No. 2001-L-146,2002-Ohio-6926, 2002 Ohio App. LEXIS 6661; State v. Cosari (Mar. 30, 2001), 11th Dist. No. 99-P-0120, 2001 Ohio App. LEXIS 1562, at 6.
 {¶ 18} Based on the above, once Officer Knupsky observed appellant illegally parked, he also had probable cause with which to stop and question appellant. Furthermore, Officer Knupsky was also justified in approaching appellant's vehicle for the purposes of issuing a parking citation. See Rowe v. Cincinnati (1927), 117 Ohio St. 382; State v. Mathews (Sept. 15, 1994), 8th Dist. No. 66515,1994 Ohio App. LEXIS 4063.
 {¶ 19} Appellant also argues that Officer Knupsky had no probable cause to arrest appellant for driving under the influence. Again, we disagree with appellant.
 {¶ 20} Once a motor vehicle has been lawfully stopped, probable cause for a criminal arrest exists when, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. Beck v. Ohio (1964), 379 U.S. 89, 91; State v. Timson (1974), 38 Ohio St.2d 122,127. It has also been determined that a trial court must view the "totality of the circumstances" in determining whether the probable cause analysis articulated in Beck was satisfied. State v. Brandenburg (1987), 41 Ohio App.3d 109, 111. Furthermore, this court has consistently held that probable cause existed for the arrest of an individual for driving under the influence when evidence was presented that the arresting police officer noticed an odor of alcohol about the defendant's person and the arrestee had failed two filed sobriety tests. State v. Lawless (June 25, 1999), 11th Dist. No. 98-P-0048,1999 Ohio App. LEXIS 2941; State v. Wargo (Oct. 31, 1997), 11th Dist. No. 96-T-5528, 1997 Ohio App. LEXIS 4846.
 {¶ 21} In this case, Officer Knupsky testified that appellant had "glassy and bloodshot eyes" an "odor of alcohol on his breath", "admitted to having had several beers", and "failed four sobriety tests." In addition to his own observations, Officer Knupsky had also received a valid, reliable tip from the informants regarding appellant's erratic driving. This tip was later tested and found to be reliable under cross-examination at the suppression hearing. Based on the totality of the circumstances, we hold that Officer Knupsky had both reasonable suspicion and probable cause to investigate, and subsequently to arrest, appellant for driving under the influence of alcohol. Appellant's sole assignment of error is without merit.
 {¶ 22} Based on the competent, credible evidence presented at the suppression hearing, we hold that the trial court did not err in denying appellant's motion to suppress. The decision of the Mentor Municipal Court is hereby affirmed.
DONALD R. FORD and JUDITH A. CHRISTLEY, JJ., concur.