GEORGE P. ROGERS *vs.* GEORGE H. DUTTON.

Worcester.    September 29, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Sale.   Conversion.   Waiver.   Practice, Civil,* Exceptions.

One falsely pretending to be the agent of the defendant procured a load of hay from the plaintiff, then representing himself as the owner of the hay sold it to the defendant and departed with the purchase money. The plaintiff had hired a wagon from a livery stable for the delivery of the hay and had one of his own men get the hay and help load the wagon. When the fraud was discovered the plaintiff said to the defendant that this was the first time he had been swindled

and he might as well swallow it. The next day he demanded the hay and on the defendant's refusal to let him have it sued in tort for conversion. *Held*, that the plaintiff's title never passed from him and therefore the defendant as a *bona fide* purchaser could acquire none, and that the plaintiff by his remark waived none of his rights.

In general a right of action for a tort cannot be waived.

Where in an action for a conversion of personal property the judge as matter of law orders a verdict for the plaintiff in a certain sum named, exceptions will not be sustained on the ground that the defendant had a right to go to the jury on the value of the property converted if it is evident that at the trial there was understood to be no controversy on that point and the variation of the verdict from the defendant's own statement of the value is very small.

TORT for the conversion of two tons of hay. Writ dated April 9, 1901.

In the Superior Court *Gaskill*, J. ruled as matter of law that the plaintiff was entitled to recover and ordered a verdict for the plaintiff in the sum of $38.91. The defendant alleged exceptions.

*J. S. Gould*, for the defendant.

*W. E. Sibley*, for the plaintiff.

HOLMES, C. J. This is an action for the conversion of some hay. The testimony is recited at some length in the record, but it may be summed up in a few words. A man giving the name of Simmons applied to the plaintiff as the agent of the defendant, Dutton, and asked him to sell some hay. The plaintiff said that he would telephone to the defendant, but Simmons said that Dutton had no telephone and was ill. Thereupon the plaintiff agreed to sell Dutton the hay, hired a wagon from a livery stable, and had one of his own men get the hay and help load the wagon. There was nothing on the wagon or otherwise to show to whom the hay belonged. It was met by Simmons, and was put into the defendant's barn. Simmons in the mean time had been professing to sell the hay on his own account to the defendant, and after it was delivered he got the price and disappeared. When the fraud was discovered, the plaintiff said to the defendant that this was the first time that he had been swindled and he might as well swallow it. The next day he demanded the hay and the defendant refused to let him have it. The evidence being admitted to be true, the court directed a verdict for the plaintiff for $38.91, and the defendant excepted.

It is evident on these facts that there was no sale and that the

plaintiff never parted with his title. *Rodliff* v. *Dallinger*, 141 Mass. 1. Therefore cases where by the form of the transaction the plaintiff had parted with his title and afterwards the property came to the hands of a *bona fide* purchaser have no application. We observe that the defendant's being a *bona fide* purchaser is much dwelt upon in the elaborate argument in his behalf. The phrase most commonly is put forward where there has been a formally complete sale and where therefore the title has passed. There was no complete transaction in this case, and if the defendant is entitled to prevail it must be on the ground that the plaintiff has estopped himself by his conduct to set up a legal title that unquestionably has remained in him undisturbed. But there is not a shadow of an estoppel in the case.

The only effect of the plaintiff's conduct which was manifested to the defendant was that Simmons was enabled to appear to be in possession of the hay. But it is well settled that intrusting a third person with possession is not holding him out as owner, and creates no estoppel if he undertakes to sell. The case is more than covered by the decisions. *Rodliff* v. *Dallinger*, 141 Mass. 1. *Commercial National Bank* v. *Bemis*, 177 Mass. 95. See *Farquharson Brothers & Co.* v. *King & Co.* [1902] A. C. 325. In cases like *Russell* v. *American Bell Telephone Co.* 180 Mass. 467, and *Scollans* v. *Rollins*, 173 Mass. 275, 179 Mass. 346, when a purchaser is preferred to the owner, it is on the ground of the owner's having intrusted to another an instrument with an indorsement which purported to authorize the writing in of the purchaser's name. It is suggested that the teamster heard Simmons assuming to be the owner of the hay and said nothing. It does not matter. If he was the plaintiff's servant or agent for any purpose, *Driscoll* v. *Towle*, 181 Mass. 416, he had nothing to do with the bargain. It is suggested further that the plaintiff's remark that he might as well swallow the swindle might have been found to be a waiver of his right of action. We do not quite know what this means as applied to the case. The words certainly could not have been found to have imported a gift of the hay. We do not perceive how otherwise the plaintiff could have waived his right, if that would have waived it. A return of the hay would have cut down the damages only. In general, a right of action for a tort cannot be waived. It may be released or satisfied, and

no doubt in cases of ambiguous action the wronged party sometimes may have an election. But there is nothing of that sort here.

Finally it is said that the defendant had a right to go to the jury on the value of the hay. Of course he had. But it is perfectly evident that at the time there was understood to be no controversy on that point. The variation of the verdict from the defendant's own statement is very small, and we think that it would serve no end of justice to prolong this litigation.

*Exceptions overruled.*