## Sparks Jones, et al. v. H. M. Whitaker.

(Decided January 10, 1911.)

## Appeal from Laurel Circuit Court.

1. Pleading—Inconsistent Pleas.—Under section 113 of the Civil Code a pleading may contain statements of as many causes of action, legal or equitable and of as many matters of estoppel and avoidance, legal or equitable, total or partial, and may make as many traverses as there may be grounds for, in behalf of the pleader. But if a party file a pleading which contains inconsistent statements, or statements inconsistent with those of a pleading previously filed by him, he may under this section be required to elect which one of the inconsistent pleadings he will rely upon.

2. Pleading—Rule for Testing Inconsistency of.—Two or more pleas may be made, if all of them may be shown to be true, and are inconsistent only when the proving of one necessarily disproves the other. It is only when a plea is a direct and unequivocal contradiction, in fact as well as in law, or another plea that the pleas will be inconsistent.

GREEN, VANWINKLE & SCHOOLFIELD and SAM C. HARDIN, for appellants.

HAZELWOOD & JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In October, 1907, the appellants Sparks Jones and P. M. Baker, in connection with Isaac Goforth, brought this common law action against the appellee Whitaker seeking to recover from him $1,500, the value of timber alleged to have been wrongfully and unlawfully cut and carried away by him from land owned by them.

In his answer and amended answers, Whitaker pleaded (1) that the plaintiffs did not own the land from which the timber was cut, or any part of it, (2) that in July, 1902, he purchased from Mamie and Jarvis Jackson the timber the plaintiffs were seeking to hold him responsible for and that they were the owners of the timber and the land upon which it was standing at the time of his purchase, (3) that he purchased the timber from them without any notice that plaintiffs had any title to or interest therein, (4) that before he purchased the timber from the Jacksons he informed the plaintiff Baker, who had a title bond for the land, that he was going to purchase the same and was told by

Baker that he had no interest in the timber, and was advised by him to buy it, and that relying upon the statements of Baker he did purchase it, and (5) that the plaintiffs prior to his purchase authorized the Jacksons to sell the timber to him.

The first complaint of appellants is that these defenses were inconsistent and that their motion to require Whitaker to elect which of the defenses he would rely upon should have been sustained.

Section 95 of the Civil Code provides that an answer may contain:

"(1) A traverse. (2) A statement of facts which constitute an estoppel against, or avoidance of, a cause of action stated in the petition."

And in section 113, sub-section 2, it is further provided that:

"A pleading may contain statements of as many causes of action, legal or equitable, and of as many matters of estoppel and of avoidance, legal or equitable, total or partial; and may make as many traverses; and may present as many demurrers as there may be grounds for in behalf of the pleader."

The only inhibition against the number and character of defenses or causes of action that may be asserted is that they shall not be inconsistent. The provision against inconsistent pleadings being found in section 113, sub-section 4, reading:

"If, however, a party file a pleading which contains inconsistent statements, or statements inconsistent with those of a pleading previously filed by him in the action, he shall, upon or without motion, be required to elect which of them shall be stricken from his pleading. But a party may allege, alternatively, the existence of one or another fact, if he state that one of them is true, and that he does not know which of them is true."

In construing these sections of the Civil Code, we held in Smith v. Doherty, 109 Ky., 618, that the pleas of non est factum and no consideration were not inconsistent, saying that:

"On this subject the rule may be stated in the following language: Two or more pleas may be made if all may be shown to be true, and are inconsistent only when the proving of one necessarily disproves the other. This view assumes that defenses are inconsistent only when one in fact contradicts the other, and has nothing

to do with a seeming and logical inconsistency which arises merely from a denial and a plea in confession and avoidance.''

And this rule of practice and pleading was approved in First National Bank of Paducah v. Wisdom, 111 Ky., 135. Tested by the principle announced in these cases, the pleas made by the defendant were not inconsistent. He had a right to deny that the plaintiffs were the owners of the land, and in addition thereto to set up in avoidance of their claim any matters of estoppel that he relied upon. His defenses that he was an innocent purchaser without notice, and also that he had notice of the claim of the plaintiffs and was advised by them to purchase the timber and that they advised the Jacksons to sell it to him, were merely estoppels against them. Although he may have known of the existence of plaintiffs' claim of title, yet if he was advised by them to purchase the timber or if they authorized the Jacksons to sell it to him he was in law an innocent purchaser of it, or, to put it in another way, the plaintiffs under these circumstances would be estopped to assert any claim against him. It is only when one plea is a direct and unequivocal contradiction in fact as well as in law of another plea that the pleas will be inconsistent. The case of Minor & Sons v. Paragon Plaster Co., 124 S. W., 268, presents a good illustration of inconsistent pleas. In that case Minor & Sons were sued by the Paragon Plaster Company for the value of brick sold and delivered to them. For defense to the suit, Minor & Sons in their answer denied that they had bought any brick from the Paragon Plaster Company, and in an amended answer pleaded that they had bought the brick but that the Paragon Plaster Company had committed a breach of its contract in failing to deliver the brick according to contract, and they sought to recover damages for this breach. Manifestly these two defenses were utterly inconsistent, and the court so held. The proof of one defense destroyed the other. If Minor & Sons proved that they bought the brick, this would necessarily defeat their defense that they had not bought them and so if their evidence showed that they had not bought the brick, this would necessarily defeat the defense that they had bought them.

We think the court properly overruled the motion of the plaintiffs to require the defendant to elect, as no

evidence that defendant could properly introduce in support of either of his defenses would necessarily or logically disprove the truth of any other of his defenses. If he showed that the plaintiffs were the owners of the timber, this would not contradict the fact that as against him they were estopped to claim it. Nor would evidence in his behalf that at one time they did own the timber, and that he knew before his purchase that they had some title to it, necessarily disprove the proposition that they were not the owner of it when the action was brought.

Upon a trial before a jury a verdict was returned in favor of Whitaker, and judgment entered accordingly. The reasons assigned for reversal are that the court erred in overruling the motion to elect, in giving and refusing instructions, and failing to grant a new trial on account of newly discovered evidence.

The facts of the case are substantially these: In 1880 Baker and Goforth purchased the land upon which the timber stood from Jarvis Jackson under a title bond, reading:

"I have sold to P. M. Baker and Isaac Goforth all the land on the east side of Carson's branch, and with Joe Doan's line to the upper corner of Doan and to the Sinking Creek, for which they are to pay me one dollar per tree for all of the trees they can put into the market, to be ascertained and counted when they cut same, which they agree to do in a short time. This 30th day of July, 1880."

This title bond was not acknowledged by Jackson, nor was it recorded or lodged for record. Indeed, it was not a recordable instrument.

Goforth, although joined as a plaintiff in the suit, is not an appellant or complaining of the judgment. In fact on the trial of the case he disclaimed any interest in the timber and testified that the suit was without authority from him. Upon this state of facts the court dismissed the action as to Goforth.

The appellant Jones claimed to have purchased a one-half interest in the title bond held by Baker, but the record does not show any written transfer of an interest by Baker to him. Aside from this, it is undenied that Jones bought the interest from Baker long after the timber was cut and carried from the land by Whitaker. In other words, after he bought the interest,

Whitaker did not cut or take from the land any timber, or commit any trespass upon it. In view of the fact that Jones had no title to the land and no interest of any kind in the timber taken from it by appellee, it is plain that the lower court correctly directed a verdict against him.

The case was submitted to the jury alone upon the issue between Baker and Whitaker. Baker's cause of action upon the face of it is not only stale but lacking in merit. The title bond shows that Baker and Goforth purchased the land from Jackson, the then owner of it, and although it is not very material it is not shown by competent evidence how much if anything Baker paid for it. There is also evidence that Whitaker before his purchase from the Jacksons had notice of the title bond held by Baker, and that upon advising with Baker about purchasing the timber was told by him to do so, and that upon the faith of this statement he was induced to purchase it. Assuming that Baker by virtue of the title bond owned or had an interest in the land, and further assuming that Whitaker in purchasing the timber did so with notice of and subject to the equitable interest and ownership of Baker, it cannot be doubted that if before his purchase he was advised by Baker that he had no interest in the timber or land, that this worked an estoppel upon Baker and prevented him from afterwards asserting a claim to the timber as against Whitaker. The question of estoppel was really the only issue in the case, and this issue was fairly submitted to the jury in an instruction, saying:

"If you believe from the evidence that the plaintiff Baker had a talk with the defendant Whitaker about the timber in controversy in this case, just prior to the purchase of the said timber by the said Whitaker, in which the said Baker stated and represented to the defendant Whitaker that Jarvis L. Jackson and Mamie F. Jackson, were the owners of the boundary of land described in plaintiffs' petition, and were the owners of the timber standing thereon and now in controversy in this action, and advised the defendant to purchase said timber from the said Jacksons, and that the defendant relied upon said statements and made such purchase from the said Jacksons, then you will find for the defendant."

Complaint is made that the court instructed the jury that if they found for Baker, they should award him

damages not exceeding $750 when he was entitled as contended by his counsel to recover $1,500, if the jury found in his behalf, and the instruction should have so directed.. The court was evidently influenced to limit Baker's recovery in any event to one-half the value of the timber converted by Whitaker upon the theory that Baker in his testimony only claimed to be the owner of one-half of it. As Baker only asserted claim to one half of the timber, it was proper to limit his recovery to the amount of loss sustained by him. But, aside from this, in view of the fact that the jury found against Baker, it is manifest that the limitation upon the amount he was entitled to recover did not prejudice his rights. As the jury did not allow him anything, we are unable to perceive how it makes any difference whether they were told they might allow him $1,500 or $750.

It is further insisted that the court should have granted a new trial upon the ground that Whitaker in an effort to show that Baker knew he was cutting the timber and made no objection to it, testified that Baker's son was living with his father at the time and assisted in cutting the timber, or knew that it was being cut, when, as shown in the affidavit of the son he did not assist in cutting the timber or know it was being cut and was not living with his father at the time it was cut. The discovery of this evidence was entirely insufficient to authorize a new trial. In the first place, it was merely cumulative, and in the second place whether or not Baker knew Whitaker was cutting the timber was not an issue in the case, nor was it submitted in an instruction to the jury.

Upon the whole case we see no reason for disturbing the judgment and it is affirmed.