## Vansant v. The Ashland Water Works Company.

(Decided October 23, 1923.)

### Appeal from Boyd Circuit Court.

1. Waters and Water Courses—Liability for Failure to Furnish Water.—If a water company was liable for its failure to furnish water fit for drinking and bathing purposes, its liability would not be measured by whatever consumer elected to pay in order to acquire wholesome water from other sources, but only by the reasonable cost of accomplishing the desired result, as by use of inexpensive filter.

2. Appeal and Error—Maxim "De Minimis Non Curat Lex" Prevents reversal to Permit Recovery of Nominal Damages.—Where appellant was entitled only to nominal damages under the evidence, the maxim "De minimis non curat lex" applies, and the judgment will not be reversed.

S. S. WILLIS for appellant.

GEORGE B. MARTIN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

W. R. Vansant was the owner of a dwelling house in Ashland. The Ashland Water Works Company was operating under a franchise by which it agreed to supply the city of Ashland and its inhabitants with good, wholesome water, suitable for drinking and domestic purposes.

The contract further provided that the water should be pumped from the Big Sandy river, and that the Ohio river water should not be used except in certain emergencies.

Vansant, who had failed and refused for more than three years to pay the water rent charged by the city, brought suit against the water works company to enjoin it from turning off the water, and to require it to furnish good, wholesome water. About the same time, the water works company brought suit in the Boyd quarterly court to recover of Vansant the sum of $158.25 for water theretofore furnished, and for which he had refused to pay. This action was defended by Vansant upon the ground that the water company had failed to comply with the terms of its franchise, and by reason thereof he was compelled to purchase water elsewhere, to his damage in the sum of $500.00. Thereupon the suit was transferred to the Boyd circuit court and there consolidated with the action for injunctive relief. During the preparation of the case the city of Ashland purchased the water works system, and the right of Vansant to injunctive relief became a moot question. When submitted, the case involved only Vansant's liability for the water rent and the validity of his counterclaim. On final hearing the court dismissed his counterclaim and gave judgment for the amount sued for. Vansant appeals.

While appellant claims that the full amount of water charged for was not furnished, we conclude that the evidence on this question was sufficient to support the court's finding to the contrary. The only other question to be considered is whether appellant should have been allowed anything on his counterclaim.

While there was evidence that for a short period of the time covered by the account the water was pumped from the Ohio river, there was no showing that the emergency under which this could be done did not exist. There was also evidence that during the year 1911 there was an epidemic of typhoid fever, but no evidence of any epidemic during the time covered by the account sued for. The chief complaint of the water is that it was muddy. The evidence for the water company was to the effect that while the water occasionally became muddy, it was generally used by the inhabitants without objection, and that those who preferred clearer water obtained the desired result by the use of a small filter which could be obtained

for $4.50.   Appellant testified that the water was so
muddy that he and his family did not regard it as fit
either for drinking or bathing purposes, and that, with
the exception of two and one-half months covered by the
account, he had to procure water elsewhere at a cost of
$6.50 per month.   He admitted, however, that he bought
a filter, and that the water ran all right for a while, but
something got wrong with the filter and he did not get it
fixed.   Even if it be conceded for the purposes of this case
that the water company was liable for its failure to fur-
nish water fit for drinking and bathing purposes, its lia-
bility should not be measured by whatever appellant
elected to pay in order to acquire wholesome water from
other sources, but only by the reasonable cost of accom-
plishing the desired result.   It is shown by the company
that the water, even when muddy, could be made clear and
pure by the use of an inexpensive filter, and this fact is
practically admitted by appellant, who says that the water
ran all right when he used a filter, but the filter got out
of fix and he did not use it any more.   Hence, the damages
which appellant sustained were merely nominal, and that
being true, the maxim, *"De minimis non curat lex,"* ap-
plies, and the judgment will not be reversed.

Judgment affirmed.