## Tassone v. Goodin-Barney Coal Company.

(Decided May 15, 1925.)

### Appeal from Floyd Circuit Court.

1. Appeal and Error—Exclusion of Evidence Not Error where Later Admitted.—Exclusion of plaintiff's offered testimony, tending to show defendant's mining operations resulted in cracks in surface of land, which gathered water, thus softening soil and causing it to slide against plaintiff's house, is not ground for error, where court later admitted such evidence.

2. Appeal and Error—Error in Instruction as to Measure of Plaintiff's Damages Harmless, where Verdict in Favor of Defendant is Correct and Sustainable.—Where verdict was against plaintiff, error, if any, in instructions as to correct measure of her damages, is harmless, if verdict is correct and sustainable.

3. Trial—Instruction Held Not Erroneous as Excluding Consideration of One of Defendant's Alleged Wrongful Acts.—In action for damages to plaintiff's house, alleged to have been caused by defendant's mining operations causing cracks on surface which accumulated water and resulted in land sliding against plaintiff's house, court's instruction that, if jury believed that defendant injured property of plaintiff by removing coal and thus causing land to break or slide against plaintiff's building, verdict should be for plaintiff, held not objectionable as excluding consideration of sliding of soil brought about by accumulation of water in cracks of soil.

4. **Trial—Instruction Held Not Objectionable as Singling Out or Emphasizing Testimony Introduced by Defendant.**—In action for injuries to plaintiff's house, alleged to have been caused by defendant's mining operations, resulting in cracking surface of land and causing it to slide against plaintiff's house, where there was abundant testimony that sliding of land was caused by accumulation of water in openings on plaintiff's land, or by excavations made by plaintiff, instruction requiring verdict for defendant if such facts were established cannot be complained of by plaintiff as singling out or emphasizing testimony introduced by defendant.

5. **Appeal and Error—Plaintiff Failing to Object to Defendant's Evidence, on Ground that it was Not Within the Pleadings, Cannot Complain Thereof on Appeal.**—Where case was tried on theory that defendant's pleadings were so framed as to authorize reception of testimony tending to show that damage to plaintiff's building was not caused by defendant's mining operations, and such testimony was introduced without objection, plaintiff cannot complain for first time on appeal.

C. B. WHEELER for appellant.

A. J. MAY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and plaintiff below, Macolata Tassone, owns a house and lot in Floyd county lying between the center of Leck Martin branch and a ledge of rock forming a part of the foot of a hill or mountain south of the branch. The east end of her lot is 58.7 feet wide and the west end is 72.5 feet wide, while its entire length is 103.4 feet. She built a house on it, and we adopt its description given in brief of her counsel which is, "Plaintiff built her house on this lot, excavating or leveling down the front part as it 'makes off' up the hill from the branch. The first story of the building was built on this branch level and a concrete wall was built at the back side of this excavation to the top or surface, which wall formed the back side of all the rooms on first floor. The second story is built on top of this wall but extending over and back of it four or five feet on to the surface, thereby making the upstairs rooms wider than the downstairs rooms." It will be seen from the description, that the second story can not be reached from the front, except by using a stairway, but the rear part of that story not only rests upon the ground, but in order for it to be

widened a portion of the foot of the slanting soil from the rock ledge was cut away which was also extended for a space of three or four feet beyond the width of the top story of the house, in order to create an outside passway at the rear of the second story. Again quoting from the brief, "Back of this road or passway was a little concrete wall about eight inches thick and two feet high extending the entire length of the house, built for the purpose of holding the dirt back of the roadway."

On July 30, 1920, there was a slide of some of the slanting soil between the rock ledge and the small concrete wall at the back of the passway causing some of it to either break down that wall or run over it and against the second story of plaintiff's house, so as to cause it to slightly careen, possibly as much as four inches from its perpendicular construction, but its first story or basement was not interfered with or in anywise impaired. The appellees and defendant below owned the coal running north from the rock ledge marking plaintiff's northern line and a considerable time prior to the slide it had made an opening for the purpose of mining the coal under its land, which was about 2,000 feet northwest of plaintiff's lot. From that opening it had made entries and cross entries, some of which extended near to the plaintiff's line or up to it, where they broke into some older entries made years before and some of which were located on her lot and one of which was immediately adjacent to it. Alleging that defendant's operations had caused the surface of the land under which it had mined the coal to sink and crack and thereby brought about a condition which proximately produced the sliding of the soil on to plaintiff's house, she filed this action against it in the Floyd circuit court to recover the damages thereby produced. Defendant, in its answer, denied the material averments in the petition and upon trial the jury returned a verdict for defendant. Plaintiff's motion for a new trial was overruled and from the judgment dismissing her petition she prosecutes this appeal urging, through her counsel, two general and supposedly fatal errors in the trial which are: (1), The exclusion of competent evidence offered by her and, (2), erroneous instructions, each of which we will consider in the order named.

1. Ground (1) is urged under two subheads (a), that the court excluded offered testimony by plaintiff to prove the existence of cracks in the surface above de-

fendant's mining operations and extending beyond plaintiff's line and confined the proof to the existence of cracks extending over on plaintiff's lot, and (b), that the court excluded offered testimony to show that the probable consequence of the gathering of water in those cracks, from whatever source, would be to soften the soil on the surface and to cause it to slide on the rock strata beneath it, and that it was probably true that plaintiff sustained her damages in that way. Our examination of the record, however, does not convince us that the court so ruled. On the contrary, Noah Cole, one witness introduced by plaintiff to prove the existence of the cracks in the surface above defendant's coal, did testify about their existence, and which was not excluded from the jury, although when he was first asked concerning that subject the court sustained an objection to the question. Likewise, the engineer introduced by plaintiff, A. J. Baldwin, testified both as to the existence of the cracks in the surface above the coal owned by defendant and their extension over on plaintiff's lot, and also testified to the probable effects of the gathering of water in them. When he was first interrogated upon the latter fact the court sustained an objection but afterwards defendant's attorney said, "We desire to withdraw our objection to Mr. Baldwin's testimony," whereupon the court permitted him to testify and to give a complete description of the cracks as well as the probable consequences of the accumulation of water in them. It would, therefore, appear that this ground, in so far as it involves the two points mentioned, is not well taken. The transcript of the testimony is quite large and other objections to offered testimony by the plaintiff were sustained, but they related to immaterial matters and are not discussed in brief. Some of the latter class related to the extent of plaintiff's damages, but which cannot on this appeal prejudice her rights, if the verdict of the jury finding the defendant not liable in any event is correct and sustainable. On that point the motion for a new trial contained the ground that the verdict was flagrantly against the evidence and not supported by it, but it is practically abandoned on this appeal and could not be upheld if it was insisted on. This ground must, therefore, be denied.

2. A large portion of the argument in support of ground (2), is directed to supposed errors in the court's instructions relating to the criterion of recovery if the

jury should return a verdict for plaintiff. Since, however, the verdict was against plaintiff upon her pleaded grounds for recovery, any error in the instruction as to the correct measurement of her damages becomes immaterial, as we have heretofore stated, provided the other instructions submitting defendant's liability are without substantial error. We will, therefore, notice the complaints against and criticisms of the latter mentioned instructions.

Number 1 told the jury that if they believed from the evidence that defendant "Unlawfully and wrongfully or at all injured the property of the plaintiff, Macalata Tassone, by removing the coal from their property adjacent thereto, and in doing so they caused the hill to so break as to cause plaintiff's land to break or slide against plaintiff's building or buildings on said lot, and thereby damaged and injured said lot and buildings, or either of them, you will find for the plaintiff." The criticisms of that language is that it was not broad enough to permit a recovery if the slide of which complaint is made was produced by the accumulation of water in the cracks made by the sinking of the surface above defendant's coal; but we think that objection is extremely technical, since a reasonable interpretation of the language would include any proximate results from the breaks or cracks if they were wrongfully produced or created by defendant, and the jury could not have been misled thereby so as to exclude from their consideration the sliding of the soil brought about by the accumulation of water in the breaks or cracks, and it is our conclusion that this technical criticism is without merit.

The next and last criticism of the instructions under this ground is directed to number 4 which told the jury, in substance, that although they might believe that the plaintiff's house and lot were damaged by the slide complained of, "Yet if you further believe and find from the evidence that the slides were caused by the accumulation of water in the old coal openings which were on the plaintiff's property when it was purchased from Nathaniel Estep, or by excavations made by plaintiff or those working on her property by her consent, or from natural conditions and not caused by any act of defendant, then the court tells the jury you will find for the defendant." It is claimed that it improperly singled out and emphasized a great amount of testimony introduced

by defendant, but we are unable to see how plaintiff's rights were prejudiced thereby, if it should be held that the concrete instruction should not have been given. We have heretofore had before us in a number of cases the right of the defendant to have the jury concretely instructed when it relied upon and its testimony supported the particular defense embodied in the instruction, and reversed the judgment for a failure to do so; but our attention is called to no case holding that where such an instruction was given and abundantly supported by the testimony, the plaintiff could successfully complain therefor. But, however that may be, in this case at least half of defendant's testimony was directed towards showing that the looseness of the soil back of plaintiff's house and its consequent sliding thereon was produced by either one or both of the causes embodied in the court's instruction number 4, i. e., from water accumulated in old coal openings on plaintiff's lot and immediately adjacent thereto; or her cutting away the foot of the soil at the back of her house, plus her failure to properly brace it with a sufficient wall, or both of them combined. All that testimony was introduced without objection, which of course, was done to show that plaintiff's damages were produced by other causes than by any act of defendant. If we should concede that better practice would require the averment of such facts before testimony to sustain them could be admitted, yet the testimony was admtited in this case without objection, as we have stated, and without calling the attention of defendant's counsel or the court to the insufficiency of the pleading to allow its introduction. The case was tried throughout upon the theory that the pleadings were so framed as to authorize the reception of that testimony and we think the objections now urged come too late, even if the testimony introduced to sustain the defense should first be preceded by a special pleading expressly relying thereon, but which is not now decided.

We, therefore, conclude that no error against the substantial rights of plaintiff occurred at the trial, and the judgment is, accordingly, affirmed.