## Armstrong v. Vest.

(Decided March 6, 1928.)

Appeal from Kenton Circuit Court.

1.  Trial.—Where evidence is contradictory, only jury may determine issue.

2.  Appeal and Error.—In action for amount due on contract for hauling stone, in which defendant filed counterclaim, and in which jury rejected defendant's evidence as to contract, instruction as to details of such contract, if erroneous, held not prejudicial.

3.  Appeal and Error.—In action to recover balance due on contract for hauling stone, in which defendant filed counterclaim, and in which jury rejected defendant's evidence as to contract, exclusion of testimony relating to difficulty and cost of completing such contract, and affecting merely amount of damages in event jury found for defendant on counterclaim, held not prejudicial error.

4. Appeal and Error—Reversal in Court of Appeals is authorized only when errors have intervened in trial to prejudice of substantial rights of complaining party, under Civil Code of Practice, sec. 756.

ARTHUR C. HALL for appellant.

JOHN H. KLETTE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Austin H. Vest sued Ed. Armstrong to recover a balance of $270 alleged to be due on a contract for hauling stone. Armstrong filed a counterclaim, in which he sought to recover damages in the sum of $1,244 because of an alleged breach by Vest of the contract sued upon by him. A trial by jury resulted in a verdict for the plaintiff for the amount claimed and a dismissal of defendant's counterclaim. A new trial was vainly sought by Armstrong, resulting in this appeal. Complaint is made of the instructions of the court and of the rulings on the admission of evidence.

The objections to the instructions are not well founded. The sole issue in the case was whether the contract between the parties obligated the plaintiff to deliver 4,000 tons of stone to the defendant's crusher, and it was sharply submitted to the jury.

The evidence was contradictory, and only the jury could determine it. Inasmuch as the verdict was for Vest, the point of the criticism of the instruction as to details of the contract does not arise. The evidence for Armstrong was clear that the contract with Vest required him to deliver 4,000 tons of stone, and the jury could not have found the verdict it did on any other theory than that the contract involved in the case accorded with the contention of Vest. If it should be admitted that the instruction was faulty, it could not be held prejudicial to appellant, in view of the verdict on the main issue.

The criticisms of the court's rulings on evidence are numerous, but all relate to the rejection of a drawing made by the county road engineer, and to the refusal to admit testimony relating to the quantity, distance, and location of the stone to be hauled under the contract and the cost thereof. The objection to filing the drawing was in fact overruled, and it was filed. It is possible that some of the testimony excluded would have been proper,

but it all related to the difficulty and cost of completing the contract as claimed by Armstrong, and affected merely the amount of damages in the event the jury found for him on the counterclaim. Since the jury found against him, it is obvious that the rejection of the evidence referred to was not prejudicial to appellant. There was ample evidence admitted to warrant the allowance of damages, if the jury found the contract to be as appellant claimed.

A reversal in this court is authorized only when errors have intervened in the trial to the prejudice of the substantial rights of the party complaining thereof. See Civil Code of Practice, sec. 756, and cases cited in notes thereto. No such showing appears on this appeal.

The judgment is affirmed.