## Levi v. Gonzenbach.

(Decided December 16, 1930.)

PETER, LEE, TABB, KREIGER & HEYBURN for appellant.

J. P. EDWARDS and W. S. HEIDENBERG for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Emanuel Levi sued Ernest Gonzenbach to recover damages for an injury to his property. He alleged that he made a contract with the defendant to prune and spray certain trees, and, instead of doing so, the defendant wrongfully cut and sawed down eleven of the trees, "thereby being guilty of trespass."

Plaintiff sought to recover $2,200 for the trees, $75 for cleaning away the rubbish and removing the stumps, and $2,500 as punitive damages. By an amended petition the claim for punitive damages was doubled, and it was predicated upon the charge that the trees were destroyed by defendant in wanton disregard of plaintiff's rights.

The defendant admitted that he was employed by plaintiff to prune and spray certain trees, and, in addition thereto, alleged that he was employed to do all things necessary for the care and protection of the fruit trees, including the cutting and sawing of such trees as might be necessary for the care and protection of other trees in plaintiff's orchard. Defendant denied that he wrongfully cut or sawed down any trees, but averred that eleven trees were diseased and blighted so that they constituted a menace to the other trees and had to be cut and removed to prevent the spread of infection. The answer put in issue every claim made by the plaintiff, and justified the action of defendant by the express and implied authority of the plaintiff to deal properly with the conditions he found affecting the trees. He further set up a counterclaim for $100.22 for his services under the contract.

The jury returned a verdict for the defendant, allowing him the full amount of his counterclaim. A motion for a new trial was denied. The plaintiff, feeling aggrieved by the result, has prosecuted an appeal.

It is insisted (1) that plaintiff was entitled to a peremptory instruction in his favor; (2) that the instruction on the measure of damages was incorrect; (3) that it was error to refuse an instruction on punitive damages; (4) that the instruction submitting the counterclaim was

erroneous; and (5) that the court erred in its rulings respecting the admission and exclusion of testimony.

1. The argument for a peremptory instruction for plaintiff proceeds upon the assumption that there was no evidence to prove that the contract authorized Gonzenbach, in any event, to cut down any trees. According to the testimony of Mr. Levi, the contract of employment was limited to pruning and spraying, and did not contemplate any cutting down of diseased trees. Indeed, he said he made a point with Mr. Gonzenbach that he wanted no trees cut down at any time. He testified that Mr. Gonzenbach assured him that the orchard, with proper care, proper pruning, and proper spraying, could be made a very good one.

But the testimony of Mr. Gonzenbach was that he pointed out to Mr. Levi certain trees that could be saved by treatment, some that he was doubtful about, and others that probably would have to come down, but he did not then decide finally which trees should come down. He said further that he told Mr. Levi some of the trees would have to be cut, and that later examination would show which ones and how many. He said it was made very clear to him that he had authority to take down such trees as were needed to be taken out. He had no instruction not to cut any trees. When the subject of cutting the trees was under discussion, Mr. Levi said that he did not want to lose any more trees than he had to lose.

It will be seen that a sharp dispute as to the terms of the contract was developed, and it was necessary for the jury to ascertain the truth. The argument for the appellant that the parties understood the contract differently and therefore no meeting of the minds of the contracting parties was shown overlooks the vital fact that the minds of the parties did meet, but the disagreement concerns the propositions upon which they agreed. Mr. Levi says it was agreed one way, while his opponent insists that the agreement was otherwise. Cf. Ill. C. R. Co. v. Curry, 127 Ky. 643, 106 S. W. 294, 32 Ky. Law Rep., 513, and B. & O. S. W. Ry. Co. v. Wood, 130 Ky. 839, 114 S. W. 734.

If the testimony of the defendant was true, he acted according to the authority conferred upon him, and his decision to remove the trees was within his province. On the other hand, if the jury found the contract to be as

Mr. Levi contended, the defendant had no right to cut the trees, no matter how badly they may have been diseased, or how necessary that course may have appeared to a man trained in tree culture.

It is a mere truism to say that, when the solution of a problem of such character is involved, it is necessary for the jury to solve it. If the testimony for a party, and the inferences fairly arising from it, tend to support his cause of action or defense, the question must be submitted to the jury. Westchester Fire Ins. Co. v. Crume, 223 Ky. 707, 4 S. W. (2d) 716; Terrell v. Southern Ry. Co., 225 Ky. 645, 9 S. W. (2d) 993.

2. It is next insisted that the court erred in defining to the jury the measure of damages to be applied in the event the jury found for the plaintiff.

The court told the jury to award the plaintiff, if the verdict was in his favor, such sum in damages as they might believe from the evidence represented the fair and reasonable value of the trees cut down and the fair and reasonable cost of removing the stumps and rubbish. Appellant offered an instruction conforming to his theory, and cites in support of it several cases decided by this court. C. N. O. & T. P. R. Co. v. Falconer, 97 S. W. 727, 30 Ky. Law Rep. 152; L. & N. R. Co. v. Beeler, 126 Ky. 328, 103 S. W. 300, 31 Ky. Law Rep. 750, 11 L. R. A. (N. S.) 930, 128 Am. St. Rep. 291, 15 Ann. Cas. 913; L. & N. R. Co. v. Home Insurance Co., 146 Ky. 281, 142 S. W. 398.

Appellant, however, recognizes an insuperable obstacle to a reversal of the judgment for the reason suggested, when he states that, since the jury found for the defendant, it might be held that plaintiff was not prejudiced by the instruction on the measure of damages, even if erroneous.

It is an invariable rule of appellate practice that a verdict for the defendant in a damage case forecloses any right of the plaintiff to complain of an error in the instructions upon the method of measuring the damages. Obviously, when it is found that the plaintiff is not entitled to recover, it is useless to consider any question respecting the extent of his right of recovery, if the verdict had been for him. Goodwin v. Miller, 210 Ky. 407, 276 S. W. 117; Jones v. Whitaker, 141 Ky. 484, 133 S. W. 223; Paducah Grain & El. Co. v. Marshall, 196 Ky. 673, 246 S. W. 30; Tassone v. Goodin-Barney Coal Co., 209 Ky. 84, 272 S. W. 12; Weitlauf v. Paducah & Ill. R. Co.,

190 Ky. 143, 226 S. W. 388; Conn v. Lexington Utilities Co., 233 Ky. 230, 25 S. W. (2d) 370.

3. Equally unavailing is the complaint of failure to instruct the jury upon the law respecting the allowance of punitive damages. Since such damages would be recoverable in no event unless the defendant was guilty of the acts charged, the verdict in his favor renders unnecessary any discussion of that question. Pullman Co. v. Pulliam, 187 Ky. 216, 218 S. W. 1005; Ill. Cent. R. Co. v. Mayes, 142 Ky. 382, 134 S. W. 436; C. & O. R. Co. v. Conley, 136 Ky. 601, 124 S. W. 861; Powell v. Weber-Stair Co. (Ky.) 125 S. W. 255; Cotton States Life Ins. Co. v. Spencer, 220 Ky. 536, 295 S. W. 861; Tackitt v. Newsom, 186 Ky. 188, 216 S. W. 376; Milner's Adm'r v. Evansville Ry. Co., 188 Ky. 14, 221 S. W. 207.

4. The instruction upon the defendant's counterclaim was "to find for the defendant Gonzenbach in such sum as they may believe from the evidence will fairly and reasonably compensate him for his work in pruning and spraying certain trees referred to in the evidence, the award on this item not to exceed $98.22."

The complaint is that the instruction authorized the jury to compensate defendant for "pruning and spraying certain trees" when in fact no pruning was done. Mr. Gonzenbach, said he sprayed fifty or sixty fruit trees, and fertilized them, but was discharged by Mr. Levi before any pruning had been done. But further along he said that his charge was made for "the fertilizing, the spraying and pruning that had been done." It is not clear from the evidence that no pruning at all was done. The whole evidence was before the jury, and it is not likely that any prejudice resulted from the form of the instruction. Indeed, the jury was told to allow defendant fair and reasonable compensation for his work, and, if no pruning was done, the amount allowed must have been for the other services, for which it may have afforded only reasonable compensation. The matter, in any event, was too trivial to warrant reversal of the judgment. Vansant v. Ashland Water Works Co., 200 Ky. 586, 255 S. W. 132.

5. Finally, complaint is made respecting certain rulings in the admission and rejection of testimony. There was an offer to prove the cost of transplanting trees. It was made to appear that apple trees similar to those destroyed could not be transplanted. The court

then declined to go into the cost of transplanting shade trees. Even if erroneous, the ruling was harmless, for the reason that it related solely to the amount of damages caused by the destruction of the trees, and, since no right of recovery was found by the jury, any evidence affecting the extent of damages did not affect the result. Armstrong v. Vest, 223 Ky. 444, 3 S. W. (2d) 1073. Again the competency of experts upon land values was questioned, but the witnesses appeared to be familiar with the subject upon which they were asked to testify. The matters mentioned did not disqualify the witnesses, but were considerations affecting merely the weight to be given their opinions. Moran's Adm'r v. C. & O. Ry. Co., 176 Ky. 409, 195 S. W. 809.

Mr. Levi testified that he told a workman not to cut any more trees. It appears that a peach tree in a different location had been cut down. The incident occurred on the Thursday before the trees in question were cut on Saturday. He offered to testify that the next morning he told another workman substantially the same thing. The court ruled that statements made to a workman of the defendant were not competent. It is now argued that it was competent as tending to establish a revocation of any authority given to cut down trees, and constituted notice to Gonzenbach of the interpretation placed by Mr. Levi upon the contract. Undoubtedly the authority, if given, was revocable, and, if notice of revocation had been brought home to the defendant, he would have proceeded thereafter at his peril. But notice to an agent, in order to affect the principal, must concern facts so related to the scope of the agency as to impose upon the agent the duty of informing his principal. 2 C. J., sec. 545, p. 866; 21 R. C. L. sec. 21, p. 838; Bramlett v. Henderson, 41 S. W. 575, 19 Ky. Law Rep. 692; Harrington v. U. S., 11 Wall. 356, 20 L. Ed. 157.

A mere servant is not such an agent as is authorized to receive a valid notice revoking a contract of a third party with the principal. 2 C. J. sec. 544, at page 865; Booker v. Booker, 208 Ill. 529, 70 N. E. 709, 100 Am. St. Rep. 250; Rogers v. Dutton, 182 Mass. 187, 65 N. E. 56.

If a revocation was intended, it would have been an easy matter for plaintiff to advise the defendant, and that was not done. Nor was the alleged remark to the laborer reported to the defendant.

It is apparent, therefore, that the remarks to the workman were incompetent for any purpose in this case.

The trial was without prejudicial error, and the verdict of the jury, based upon conflicting evidence, is conclusive of the issues of fact between the litigants. L. & N. R. Co. v. Jolly, 232 Ky. 702, 23 S. W. (2d) 564; Beaver Dam Coal Co. v. Daniel, 227 Ky. 423, 13 S. W. (2d) 254.

The judgment is affirmed.