## Bryson et al. v. Raum's Administrator.

(Decided March 22, 1932.)

BRENT SPENCE for appellant.

BARBOUR & BASSMANN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Edward Raum, a boy about 11 years of age, was injured in a violent contact with an automobile, and died as a result thereof. His administrator instituted an action against Louise Z. Bryson and her husband W. F. Bryson, to recover damages for the death, alleging that Mrs. Bryson was negligent in the operation of her husband's car, which was the proximate cause of the misfortune. The answer denied the allegations of negligence on the part of the defendants, and attributed contributory negligence to the injured boy. A jury trial resulted in a verdict and judgment for $2,000 in favor of the plaintiff, and the defendants have prosecuted an appeal.

The grounds relied upon for a reversal are that a peremptory instruction in favor of the defendants should have been given because no negligence was proven, and that the verdict is flagrantly against the evidence.

The little boy was traveling on roller skates in the paved street near the combined curb and gutter. The automobile came up behind him, and there is testimony tending to show that it passed so near the boy that he put his hands against it to keep it from pressing him against the curb. The car then turned away from the boy causing him to fall upon or against it, and dragged him along for some distance, badly scraping and skinning his arm. The boy died as a result of a fatal infection that developed in the injured parts.

One witness testified to a state of facts from which it could be inferred that the automobile crowded the boy too closely and caused him to fall when he was trying to keep himself away from the car. The evidence was sufficient to carry the case to the jury, and the court did not err in overruling the motion for a peremptory instruction. A peremptory instruction is not justified when the facts proven, together with the inferences fairly deducible therefrom, considered in the aspect most favor-

able to the plaintiff, tend to sustain the cause of action alleged. L. & N. R. R. Co. v. Jolly, 232 Ky. 702, 23 S. W. (2d) 564; Terrell v. Southern Ry. Co., 225 Ky. 645, 9 S. W. (2d) 993; U. S. F & G. Co. v. Antle, 240 Ky. 243, 42 S. W. (2d) 1; L. & N. Ry. Co. v. Crockett, 232 Ky. 726, 24 S. W. (2d) 580.

But it is earnestly insisted that the verdict of the jury is contrary to the overwhelming weight of the evidence. The defendant offered a witness who was on the ground and in about the same relative position to observe the accident as was the plaintiff's witness. According to his testimony, there was no negligence in the operation of the automobile. It cleared the boy several feet, and was traveling at a moderate rate of speed, under perfect control. Mrs. Bryson and two ladies riding with her in the car gave similar testimony. Viewed from the standpoint of defendant's evidence alone, there was no negligence apparent, and the accident was caused by the boy coming in contact with the car through some unexplained and unavoidable misadventure. But the decision at last depends upon the testimony of all the witnesses who saw the accident, and a verdict is not palpably against the evidence when it is supported by testimony sufficient to sustain it, notwithstanding its contradiction by other testimony. L. & N. R. R. Co. v. Curtis, 233 Ky. 276, 25 S. W. (2d) 398. This case presents a sharp contradiction of the testimony of one witness by that of several others. There are no physical conditions, documents, or other circumstances which render it reasonably certain that the jury was wrong in its determination of the facts. Commonwealth Life Ins. Co. v. Pendleton, 231 Ky. 591, 21 S. W. (2d) 985, 66 A. L. R. 1526. Mere contradiction of the testimony for the successful party by a greater number of witnesses does not render the verdict contrary to the evidence. It is only when the testimony for the defeated party, together with the proven or undisputed circumstances, completely overturns or overwhelms the testimony for the successful party, or when such supporting testimony is impaired by impeachment, that the court can say as a matter of law that the verdict is palpably contrary to the obvious weight of the evidence as a whole. L. & N. R. R. Co. v. Curtis, supra; Com. Life Ins. Co. v. Pendleton, supra.

The jury is the judge of the credibility of witnesses and of the probative value of positive testimony, and a

124

verdict rendered by a jury upon conflicting testimony is conclusive on the facts.

Since there was testimony sufficient to carry the case to the jury and to sustain the verdict, and no error of law intervened at the trial, the result may not be disturbed.

The judgment is affirmed.