## Smith v. Aetna Life Insurance Co.

(Decided Sept. 24, 1935.)

HAWK & LEWIS for appellant.

STEPHEN COMBS, Jr., for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On April 13, 1923, the Ætna Life Insurance Company issued to the South East Coal Company a group insurance policy by the terms of which it insured all the employees of the coal company under sixty years of age. The policy provided that if any employee became totally and permanently disabled the insurer would upon receipt of due proof at its home office of the total and permanent disability of such employee, pay immediate disability benefits. The policy continued in force until January 1, 1932, when it was canceled.

The appellant, George Thomas Smith, was an employee of the South East Coal Company during the entire time the policy was in force. At the time the policy was canceled, he was insured for $1,400. He brought this action against the insurance company, alleging in his petition that while his insurance policy was in effect, on the 5th day of December, 1931, he became totally and permanently disabled by disease, and asked that he recover under the total and permanent disability clause of the policy the sum of $1,400. The insurance company defended on the grounds that Smith did not become totally and permanently disabled within the meaning of the policy while the policy was in force, and that he had failed to furnish proof of his disability as required by the terms of the policy. At the conclusion of all the evidence the trial judge sustained the defendant's motion for a directed verdict in its favor. The plaintiff has appealed from the judgment dismissing his petition.

It is not seriously contended on this appeal that appellant failed to furnish proof of his disability in the manner and within the time prescribed by the policy. The uncontradicted proof is to the effect that the insurer was promptly notified of appellant's disability, that it made an investigation, and denied liability. The only question to be decided is whether or not there was sufficient evidence of total and permanent disability to authorize a submission of the case to the jury. If so, the trial court erred in sustaining the defendant's motion for a directed verdict in its favor.

Appellant testified that his leg was amputated above the knee in October, 1923, and that thereafter he was frequently under a physician's care. On December 5, 1931, a tubercular cyst was removed from his arm, and

thereafter he was unable to perform the work incident to the position he held with the South East Coal Company, though he remained on its pay roll until March, 1932. He was the assistant postmaster of Seco, a mining camp, and it was his duty to carry the mail to and from the trains and to issue coupons or scrip for the company's store and to work in the post office. For some time prior to December 5, 1931, he had been unable to carry the heavy mail to and from the trains, and this work had been performed by others. Subsequent to December 5, 1931, substantially all the duties assigned to him were performed by others.

Dr. John W. Moss testified that he had been treating appellant for about five years and that on December 5, 1931, he removed a tubercular cyst from appellant's arm He found at that time that appellant's lungs were affected and that he had tuberculosis. He further testified that appellant would never recover.

Dr B. F. Wright testified that he had known appellant since 1917, and that in October, 1923, appellant had a tubercular knee joint and his right leg was amputated The witness treated him frequently, subsequent to that operation, for tuberculosis, and he testified that after December 5, 1931, appellant had been totally and permanently disabled.

Much is made of the fact that appellant continued on the pay roll of the South East Coal Company until March 15, 1932, and continued to act as assistant postmaster There is proof, however, that he was unable to perform the duties of the position after he was operated on in December, 1931, and that substantially all of these duties were performed by assistants assigned to him by the coal company. Dr. Wright, who was the postmaster, stated that he permitted appellant to retain his position as assistant postmaster through sympathy, though he knew he was unable to do the work incident to the position. There was sufficient proof tending to show that appellant became totally and permanently disabled while the policy was in force to authorize a submission of the question to the jury. The rule is that a peremptory instruction should not be given where the facts proven, together with inferences fairly deducible therefrom considered most favorably to the plaintiff, sustain the cause of action alleged. If there is any com-

426

petent, relevant evidence warranting a recovery, the question is for the jury. North American Accident Ins. Co. v. West, 245 Ky. 316, 53 S. W. (2d) 692; Bryson v. Raum's Adm'r, 243 Ky. 121, 47 S. W. (2d) 927; Levi v. Gonzenbach, 236 Ky. 586, 33 S. W. (2d) 657. It follows that the trial judge erred in sustaining the defendant's motion for a directed verdict.

Judgment is reversed for further proceedings consistent herewith.