## BRADSHAW

### v.

### STEIDEN STORES, Inc., et al.

Court of Appeals of Kentucky.

Feb. 19, 1954.

E. P. Sawyer, Louisville, for appellant.

Peter, Heyburn & Marshall, Gavin H. Cochran, Louisville, for appellees.

COMBS, Justice.

Mary Bradshaw, appellant, seeks to recover damages from Steiden Stores and its store manager, C. O. Wilbert, for an unlawful detention or false imprisonment. She has appealed from a judgment based on a directed verdict for the defendant.

Mrs. Bradshaw went into a Steiden grocery store about 3:30 p. m. After placing a few articles of merchandise in a self-service basket she approached the store manager, Wilbert, and requested that he cash a $25 check drawn on the Tri-City Improvement Company. Wilbert examined the check and excused himself to Mrs. Bradshaw, telling her he would return in a few minutes. He then went into a room at the rear of the store taking the check with him. Mrs. Bradshaw waited for several minutes and then sent a message to Wilbert by the assistant manager to return her check if he could not cash it. The assistant manager went into the rear room

and returned with the message that Wilbert was busy and would be out in a few minutes. Mrs. Bradshaw waited several minutes longer and then requested a stock boy to tell Wilbert to return her check. The stock boy returned with the message that Wilbert would be out in a few minutes. She later sent a third message to Wilbert requesting the return of her check. At about 4:30, approximately one hour after Mrs. Bradshaw had presented the check, two policemen came into the store and went directly to the rear room where Wilbert was waiting. Wilbert thereupon came out of the room and said to Mrs. Bradshaw: "You come and go with me." She went into the rear room with Wilbert and was interrogated briefly by the two policemen. The validity of the check was established and it was then cashed by Wilbert who also offered his apologies for the delay. As a gesture of good will he offered Mrs. Bradshaw a package of baking soda which it is said was scarce at that time.

It is insisted by Mrs. Bradshaw that the evidence established a case of false imprisonment and that the court erred in directing a verdict for the defendant. She relies on National Bond & Investment Co. v. Whithorn, 276 Ky. 204, 123 S.W.2d 263, and Ashland Dry Goods Co. v. Wages, 302 Ky. 577, 195 S.W.2d 312, 313.

The facts in the National Bond & Investment Co. case were so unusual that the case might be said to stand alone. There the defendant's agents, in repossessing an automobile under a conditional sales contract, took the plaintiff along with the car. We do not regard that case as authority here.

The Ashland Dry Goods Co. case is more nearly in point. In that case a clerk in defendant's store falsely accused plaintiff of shop lifting and demanded that plaintiff give up her purse to be searched. Plaintiff protested her innocence and the clerk said: " 'You cannot leave the store, that is orders.' " Plaintiff started to leave the store, whereupon the clerk grabbed her purse and held it. It was held that the evidence was sufficient to constitute false imprisonment. In the course of the opinion it was said:

"* * * We are of the opinion that the retention of the purse and the statement by Mrs. Mittenthal that the appellee could not leave the store until the package was wrapped constituted an unlawful detention of the appellee without her consent and against her will, and that the court properly submitted this question to the jury."

Under the doctrine of the Ashland Dry Goods Co. case Mrs. Bradshaw came very close to proving false imprisonment. We consider this a borderline case on that issue. But we do not consider it necessary to decide the question of false imprisonment. If it should be conceded that the evidence was sufficient to submit to the jury on that issue, it is apparent that Mrs. Bradshaw was entitled to no more than nominal damages. The incident relating to the check was handled by the store manager quietly and apparently without the knowledge of any other customer in the store. There is no showing that Mrs. Bradshaw was unnecessarily humiliated or embarrassed. In fact, it is not shown that anyone knew about the incident other than the store manager and the two police officers. She says she was frightened when the policemen came into the store but there is no claim of any injury to her health. It would appear that her only damage was her loss of time of about one hour.

It is a familiar rule, to which this court subscribes, that a judgment for the defendant will not be reversed where plaintiff is entitled to no more than nominal damages. 3 Am.Jur., Appeal & Error, page 559, section 1004; Butcher v. Adams, 310 Ky. 205, 220 S.W.2d 398; Linville v. Louisville & N. R. Co., 239 Ky. 143, 38 S.W.2d 926; Elder v. Florsheim Shoe Co., 209 Ky. 509, 273 S.W. 60; Vansant v. Ashland Waterworks Co., 200 Ky. 586, 255 S.W. 132.

The judgment is affirmed.