**COMMONWEALTH of Kentucky DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Robert YOUNG, Appellee.**

Court of Appeals of Kentucky.

Feb. 9, 1962.

John B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., Lawrence L. Pedley, Legal Section, Dept. of Highways, Frankfort, for appellant.

J. Smith Barlow, Jr., Bardstown, for appellee.

MOREMEN, Judge.

This is an appeal from the judgment of the Nelson Circuit Court which affirmed the action of the Board of Claims in awarding to appellee, Robert Young, the sum of $7,559.05 as damages for injuries received

as the result of negligence on the part of appellant, Department of Highways, Commonwealth of Kentucky.

Several years prior to the accident the Department of Highways had assumed responsibility for maintenance of a road designated as Ky. 733. In June 1958, a portion of this highway was in the process of being resurfaced with asphalt by the firm of Geoghagen & Mathis. Their contract was for surfacing alone—shoulder or other incidental work was not required. It was stipulated by the parties that: "The State of Kentucky and the Department of Highways of the State of Kentucky had full charge of its construction and maintenance at the time of the accident and all times since 1953."

On June 23, 1958, appellant was driving his car in the daytime on the correct side of the road along this portion of the highway (which was open to traffic) when suddenly the road under him caved in, his car was propelled to his right down an embankment, which was about twenty-five feet in height, and came to rest about fifty feet from where the edge of the road had caved in. He testified:

"I remember of it turning over twice and when I came to I was laying in the mud and water on my face when I started raising up and my right leg was paralyzed and I pulled on up and laid on the car seat. It had throwed the seat out of the car and I laid on the car seat for a little bit and seemed like I was getting worse all the time and I was scared to death and I crawled back out on the road and I still didn't know just what happened, what caused me to turn over, and when I crawled up there, I crawled up right by the side of this hole where it caved in and I could see where my car had pulled, or the left front wheel had skidded on the road diagonal like, I'd say a foot or foot and a half, when the bank caved in on the right hand side."

Also:

"It looked like it had washed out under—you know, just dipped in under the road surface and the blacktop was over this washed out under it and it looked like the blacktop was out over it and the way it caved in, it caved in straight down and the hole was about, I'd say, 4½ feet deep in this fill."

It was difficult to observe the condition of the fill from the road at the point it caved in because tall weeds that grew to the very edge of the blacktop concealed it. However, two months before the accident an employee of the Department of Highways had discovered the condition and recommended to the maintenance supervisor of the Department that it be remedied. Again just a few days before the accident the same employee reminded the supervisor that the slide should be repaired.

Appellant cites from 40 C.J.S. Highways § 256, p. 301, the following language:

"Those in control of roads under repair are not charged with an insurer's liability, and where they have exercised reasonable care to safeguard the traveling public so far as circumstances require or permit, they are absolved from liability for damages sustained,"

and relies upon similar language in Commonwealth v. Dever, 284 Ky. 150, 143 S.W. 2d 1065; Shrader v. Commonwealth, 309 Ky. 553, 218 S.W.2d 406; Jackson's Adm'r v. Rose, 239 Ky. 754, 40 S.W.2d 343; and argues that since the Department of Highways was engaged at the time of the accident in supervising and repairing the road and fill, these acts in themselves fulfilled the Department's duty to exercise ordinary care.

■ We assume no court has ever held that those in control of roads are insurers of the safety of the traveling public but, as pointed out in the same paragraph from C.J.S. cited above, those charged with

the maintenance of highways are under a duty to safeguard the traveling public while the highway is being repaired and anyone making repairs is under duty to observe proper precautions by the erection of suitable barriers or warning devices. It is certain from proof in this case that appellee had no knowledge of the defect in the highway and was not warned of the danger and the Department of Highways did have such knowledge. This was not proper care.

■ Appellant next states that it is within common knowledge that a new blacktopped project is dangerous until it has been fully completed and asks the court to take judicial notice of that fact. It states that a road is raised from the shoulder by application of new blacktopping, that the pressure of heavy machinery causes a slide to develop and the new edges are often crumpled until shoulders have been built up, and adds that if appellee had exercised a proper degree of care he would have driven his car further from the edge of the road. We believe the driver on a newly resurfaced road has the right to assume that he may drive in safety on all of the blacktopped portion unless he has been warned by appropriate devices to stay off that portion of the road. Here again we call attention to the fact that the ground had slid out from underneath the blacktop. This was known to the Department of Highways and still appellee was not warned of the condition. We believe the point requires no further discussion.

■ Appellant next complains that in paragraph Nos. 1, 2, 3 and 4 of the complaint, appellee alleged that the Department of Highways was negligent in connection with Ky. Highway No. 733, and in paragraph No. 5 he alleged the accident happened on Ky. Highway No. 766, and as the evidence showed that the accident happened on Ky. Highway No. 733, appellee had therefore never proved the cause of action which had been pleaded. This 5th designation was obviously a typographical error

and a harmless one. See Clay CR 61.01 and comments.

■ Finally, it is insisted that the judgment be reversed for this reason: Appellee filed his complaint with the Board of Claims asking damages for loss of earnings since the accident in the sum of $2900.00. The Board awarded the sum of $4,309.20 on this account, the amount proved, but appellee did not amend his complaint to conform with the proof and therefore the judgment was not supported by the pleadings. CR 15.02 grants to a court the broadest discretion in permitting pleadings to be amended to conform to the evidence. It also provides when issues not raised by the pleading are tried by express or implied consent of the parties, they should be treated in all respects as if they had been raised in the pleading. At the trial before the Board appellant did not object to the introduction of evidence as to the full amount of damage appellee suffered as a result of the loss of earnings. So far as the record shows no objection was made before the Board concerning this phase of the case, so we are compelled to the conclusion that the parties treated this aspect of the damages as if the entire amount had been pled. In Marlowe Construction Co. v. Jacobs, Ky., 302 S.W.2d 612, where special damages were not properly pled, we said:

> "Defendant contends that two items of damage, each for $150, were improperly allowed by the jury. With respect to the first, involving the cost of removing rock, this item of damage was not pleaded. However, evidence with respect thereto was introduced without objection by the defendant on the ground that it had not been pleaded. We believe this matter of damage was tried under the provisions of CR 15.02, and was properly submitted to the jury."

■ In appellant's "Statement of Appeal and Exceptions to Judgment of the Kentucky Board of Claims," the Department had only this criticism:

"A. That the finding of fact in the judgment of the Kentucky Board of Claims is not supported by the evidence in this action.

"B. That the finding of fact in said judgment does not support the award granted by the Kentucky Board of Claims."

The circuit court pointed out in his judgment: "The appellants have not filed any brief with this court, nor any statement of points and authorities, nor have their counsel made any appearance in this proceeding. Notwithstanding this, the court has carefully reviewed this entire record." Therefore, appellant for the first time has raised this question in the appellate court which is too late. Tassone v. Goodin-Barney Coal Co., 209 Ky. 84, 272 S.W. 12.

Judgment affirmed.